THOMAS P. STABLER *vs.* JOHN G. COWMAN.—*Dec.* 1835.

In an action of *Assumpsit* by S against C, under the general issue, the plaintiff offered in evidence a written contract, which concluded as follows:— "In witness whereof *we* have hereunto set *our* hands and seals, this, &c." The agreement was in fact signed and sealed by S; but there was no seal opposite the signature of C which was established by proof of the hand-writing of the subscribing witness, who was dead. The County court refused to permit the contract to be read to the jury, upon the ground that it was the deed of both S and C. Upon appeal, *held,* that upon the proof it was the deed of S, but not of C, and might be read to the jury.

Whether a written contract is a specialty, or parol contract of a party to it, depends upon the fact whether it is sealed or not by such party, or some person for him and with his authority. The same contract may be the specialty of one, and the parol agreement of another party to it.

Where there is but one seal to a contract, it is presumed to be the seal of the party whose signature is prefixed to it; but upon proof of its being made by the authority of the other parties to the contract, it will be held to be their seals respectively.

APPEAL from *Anne Arundel* County court.

*Assumpsit* by the appellant against the appellee, commenced 24th April, 1832.

Issue was joined upon the plea of *non assumpsit*.

At the trial, the plaintiff having proved the signature of the subscribing witness, who was dead, offered to read in evidence to the jury the following paper:

"These are to certify, that *John G. Cowman* of *Anne Arundel* county, *Maryland*, on one part, and *Thomas P. Stabler* of *Montgomery* county, and *State* aforesaid, have mutually agreed to, and bind themselves to the following agreement, to wit:—*John G. Cowman* now takes the horse owned by *Thomas P. Stabler*, called *Farmer*, keeps him the present season at his own expense, and at the close of the season, at his, *John G. Cowman's* option, either returns the horse with one half the accounts for mares covered by him, while in his possession, or keeps the horse as his own, together with all the accounts, upon condition of his paying to *Thomas P. Stabler*, the sum of $150 current money. It is also agreed, that in the event of the horse being returned, the

accounts are to be equally divided, with regard to sums and quality. In witness of which, we have hereunto set our hands and seals, this 25th of the 4th month, 1820.

THOMAS P. STABLER, L. S.<br>JOHN G. COWMAN.

*Test,* WILLIAM H. PLEASANTS."

To the reading of which in evidence to the jury, the defendant's counsel objected.

1st. That the said instrument of writing, although having but one seal, or scroll, was to be taken as sealed by both parties; and

2nd. That being sealed by both parties, it could not be given in evidence in this form of action—and the court, (*Dorsey,* Ch. J. and *Wilkinson,* A. J.) being with the defendant on both points, the plaintiff excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, ARCHER, and CHAMBERS, Judges.

BOYLE for the appellant, contended,

1. That case was the proper form of action, and cited, 12 *Serg. and Low.* 331. 2 *Wm. Black.* 1111. 8. *Rep.* 45. 4 *Ib.* 95. (a) *Salk.* 9. 2 *Roll.* 49. 3 *Esp. Rep.* 42. 1 *Petersdor.* 175 *Pl.* 4. 3 *Law Lib.* 5.

ALEXANDER for the appellee contended,

1. That the seal was to be regarded as the seal of both parties, and that consequently *assumpsit* could not be maintained. He referred to *Perkins,* section 134.

BUCHANAN, Chief Judge, delivered the opinion of the court.

This is an action on the case, upon a contract in writing, between the plaintiff and defendant, concluding with these words, " in witness of which, we have hereunto set our hands and seals," with the word *teste* prefixed to the name of the

subscribing witness, whose hand-writing, he being dead, was proved at the trial.

It was signed and sealed by the plaintiff, and signed by the defendant, but with no appearance of a seal, or of there ever having been one, opposite to, or in any manner connected with his signature. The only seal, or appearance of one, upon the instrument, being that of the plaintiff.

Issue was taken on the plea of *non assumpsit*, and to support the issue on his part, the plaintiff offered to read this paper in evidence, which being objected to, it was rejected by the court, on the ground that although having but one seal, it must be taken as sealed by both parties, and therefore, could not be admitted in evidence in this form of action, to prove the contract stated in the declaration.

It could only have been on the ground, that it was the deed of the defendant, and *covenant* therefore the proper action, that it was rejected otherwise it must have been admitted, as in the case of any other written contract not under seal which furnishes the subject of an action on the case.

The inquiry then is, is it, as the case is presented in the bill of exceptions, to be taken as a deed sealed by the defendant? To constitute an instrument of writing, the deed of the party thereby contracting, it must be sealed by himself, or some other person acting on his behalf and authority, and on such an instrument alone, as between private individuals, will an action of covenant lie in this *State ;* being an action of a technical nature, founded on a contract or agreement between two or more persons, by an instrument in writing sealed and delivered by the covenantor, the defendant in the action, though it need not be sealed by the covenantee, the plaintiff. Is this such a paper? If it is, *covenant* would have been the proper action. If it is not, and an action of *covenant* could not have been sustained upon it, then the suit was properly brought, and it should have been permitted to go to the jury in evidence, otherwise the plaintiff would be without a legal remedy. The words, " In testimony whereof

I have hereunto set my hand and seal." Or, "we have hereunto set our hands and seals," found in the body of an instrument of writing, are not sufficient to constitute it, the deed or specialty of the party named, *whose seal is not affixed.* On the other hand, it is the deed of the party named, who has sealed and delivered it, although there be no such words in the body of the writing.

It is the fact, that determines the character of the instrument, and not the assertion in the body of it, that it is signed and sealed; which wherever introduced, is done before the signing and sealing. Nor is the absence of the seal aided by the words " signed, sealed, &c.," which are sometimes placed above the signatures of the subscribing witness. If an agreement in writing, be sealed by some other person on behalf of a party therein named, it is a sufficient sealing to make it his deed; and *Perkins on Conveyancing* 59, sec. 137, cited at bar by the counsel for the defendant, goes no farther, where it is said, " it is not requisite that there be for every grantor, &c. who is named in the deed a separate piece of wax; for one piece of wax may serve for all the grantors, &c. which are named within the deed, if every one of them put his seal upon the same piece of wax, or if another do so for them, &c." which is not denied; one piece of wax, will suffice, having the seal of each upon it, but to make it his deed, the seal of each must be affixed, either by himself, or some other person acting in his behalf, and having authority to do so. And no case has been shown, or is remembered, in which where there were several parties named in the instrument of writing, the seal of one, with nothing more, was taken or held to be the seal of each.

In *Ball vs. Dunsterville, et al, 4th Term, Rep.* 313, an instrument of writing executed by one of the defendants, for himself and the other, though there was but one seal, was held to be a sufficient execution by both.

But there it appeared in proof, that the contract or agreement was on behalf of both, a partnership transaction; and that he who executed the instrument, did it by authority,

and in the presence of the other, his partner, with but one signing, and that for both, united in a joint contract, and no separate undertaking by each, so far as appears from the case as reported. The court principally relying on the circumstance, that he who executed the deed, did it in the presence of the other, as shewing that it was done by his particular authority.

But in *Harrison vs. Jackson, Sykes and Rushforth,* 7th *Term, Rep.* 207, where the defendants were partners in trade, and the instrument of writing on which the suit was brought, was executed in these words, "for *Jackson, self, and Rushforth,* W. SYKES," with a single seal affixed; the proof by the subscribing witness being, that it was so executed by *Sykes,* but that neither *Jackson* nor *Rushforth* was present at the execution, and there being no proof that it was done by their authority, it was held, not to be their deed.

What is there then in this case to show that the paper offered in evidence was either sealed by the defendant himself, or by any other for him, and with his authority, or that it should be taken as sealed by both parties?

It is signed by both, but has but one seal, as is admitted in the bill of exceptions, and is manifest on its face; and that seal is placed opposite to the name of the plaintiff, to denote the sealing by him, according to common usage. There is no proof that the defendant, adopted it as his seal also, and delivered the instrument as his deed; nor is there any proof that he authorized any body to seal the paper for him, or that it was in fact with or without authority put upon the paper by any body, as and for his seal, as well as the seal of the plaintiff, and to denote the execution by both. It is not the case of a joint undertaking or agreement by two, executed by one, professing to act for himself and the other. And if it was, it would not operate as the deed of the other, in the absence of proof, that he who executed it, did so by his authority.

But it is an agreement *inter partes,* with separate and distinct stipulations, by which each is bound to the other,

neither acting for, nor professing to act for the other, but each contracting for himself.

If neither had sealed it, it would have been the deed of neither. If the plaintiff alone had signed and sealed it, it would not have been the deed of the defendant. And it is not perceived, how the mere signing of it by the defendant, can have the effect to make that his seal, opposite to which, the plaintiff wrote his own name only, to denote the execution of the instrument on his part, and on his own account; with nothing to show, that the seal was placed there, on behalf of the defendant also, to stand as the seal of each, nor that he wrote his name with reference to that seal, as denoting the execution of the instrument by him; or that he authorized the sealing of it for him, by the plaintiff, or any body else. On the contrary, as each was contracting for himself, it would seem that each acted for himself throughout; and that neither contracting for himself, acted on behalf of the other, but intended each to execute the paper on his own behalf. And the fact that the defendant signed it himself, is evidence of the absence of authority from him to another, to act for him.

The practice is for each party to a sealed instrument to place his name opposite to his seal; though it may not be necessary that they should be opposite to each other. But if there be but one seal, and that opposite to the name of one of the parties; in the absence of all proof to the contrary, it must be taken to be his seal alone. In this case, it was evidently intended that the defendant should seal the instrument in question, which from accident or a mistake appears to have been omitted; it is not therefore, his deed, and should have been permitted to be read to the jury. The case of *Taylor and another vs. Glasson, 2d. Sergt. and Rawle* 502, is very like this case. The judgment must be reversed.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.