## The Western Maryland Railroad Company *vs.* David Orendorff.

### *Evidence—Covenant.*

In an action of assumpsit against the Western Maryland Railroad Company to recover for work and labor done in the construction of section 25 of the railroad, the plaintiff gave testimony in support of the action; the defendant then, having first proved the signatures thereto, offered to read to the jury certain articles of agreement between Michael Barry and Richard Malone, parties of the first part, and the plaintiff, party of the second part, containing a contract on the part of the latter to perform the work of constructing and finishing "section No. 25" of said railroad. The paper contained specifications of the work, the prices and the times of payment for the same by the parties of the first part, with stipulations for the measurement of the same to be made by the engineer in charge of the work. The paper was signed and sealed by the plaintiff only; neither B. nor M. signed or sealed the articles; the places intended for their signatures were blank, with only the word seal written upon them. On the back of the paper were the following endorsements, duly stamped:

"For value received we hereby assign and set over to the Western Maryland Railroad Company our interest in the within contract. Witness our hands and seals this first day of October, 1867.

MICHAEL BARRY, [SEAL.]
RICHARD MALONE, [SEAL.]

Witness:
    WASHINGTON DUNN.

"I hereby assent to the above assignment, and agree that the Western Maryland Railroad Company be subrogated to the rights of the parties of the first part to the said contract, and that the engineer of said company be substituted for the engineer of the parties of the first part. Witness my hand and seal this first day of October, 1867.

DAVID ORENDORFF. [SEAL.]"

The Circuit Court refused to allow the contract to be read to the jury. In the testimony of the plaintiff there was sufficient to show that he, as well as the defendant, had treated the written contract as containing the terms upon which the work was to be done, and had so recognized and acted upon it. Upon appeal, it was HELD:

That the Circuit Court erred in refusing to allow the contract to be read in evidence.

The defendant then offered to read the same paper to the jury in connection with a declaration which had been filed by the plaintiff in the same Court, in an action of covenant instituted by him against the defendant, wherein he had alleged that the defendant and himself had entered into an agreement and contract, and had filed therewith the same articles of agreement, as the ground of his action. This testimony was offered to show an admission on the part of the plaintiff that the terms set out in the said paper were the terms on which the work was done. The Circuit Court refused to allow the declaration and the paper to be read to the jury, stating that the plaintiff had abandoned his action in the previous case because the Court was of opinion that he could not sue the defendant in covenant on the paper filed with his declaration. On appeal it was HELD:

That the evidence offered was admissible.

The defendant then offered to read the same paper to the jury in connection with proof that the same came from the custody of Barry and Malone to that of the defendant, and was accepted and acted under by Barry and Malone, and by the defendant after the assignment to it, as the contract for section 25. The Circuit Court rejected the evidence offered. On appeal it was HELD:

That the evidence was admissible.

The defendant then offered to read to the jury the same paper for the purpose of proving the prices which the plaintiff was to receive for the work done by him on section 25, and the manner in which the payments were to be made, and the mode in which the estimates were made up, and the mode in which the final payment was to be made. The Circuit Court refused to admit the paper in evidence. On appeal it was HELD:

That the Circuit Court erred in refusing to allow the contract to be read to the jury; it was admissible in evidence for the purposes for which it was offered, without regard to the regularity of its execution.

The fact that the paper was not signed and sealed by Barry and Malone, and was signed and sealed only by the plaintiff, was not a valid objection to it as evidence.

If two parties enter into an indenture or agreement intended to be signed and sealed by both, but it is signed and sealed only by one, it will be the covenant of him who signed and sealed it; and the only exception to this rule occurs in cases of indentures of lease, and in respect to those covenants of the lessee which are annexed to the term, or depend on the interest therein, and which do not bind the lessee unless the lessor has also executed the indenture.

APPEAL from the Circuit Court for Carroll County. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE and ROBINSON, J.

*William A. Fisher*, for the appellant.

The refusal to allow the contract to be read in evidence as offered in the first·bill of exceptions, was based upon the fact, that it was intended to have been signed and sealed by Barry and Malone, the assignors to the appellant, as well as by the appellee, and that not having been executed by them, it was not binding upon the appellee, who had signed and sealed it. It was the covenant of the appellee, who executed the instrument, and binding upon him as such, and would support an action of covenant by the appellant against the appellee. *Faster vs. Mapes, Croke Eliz.*, 212; *Pitman vs. Woodbury*, 3 *Exchequer*, 11; *Morgan vs. Pike*, 14 *Com. Bench R.*, (78 *E. C. L. R.*,) 473; *The Northampton Gas Light Co. vs. Parnell*, 15 *Com. Bench R.*, (80 *E. C. L. R.*,) 630.

The only exception to this rule occurs in the case of leases by indenture, so far as relates to those covenants, "which depend upon the interest of the lease, and are made because the covenantor has that interest." *Pitman vs. Woodbury*, 3 *Exch.*, 11.

It has been decided in Maryland, that when one party omits to execute the instrument, it is, nevertheless, admissible in evidence to control the rights of the parties, the question being only as to the form of action. *Stabler vs. Cowman*, 7 *Gill & Johns.*, 284.

The appellant would have been bound, although in another form of action, by all the stipulations of the contract, especially under the evidence proposed in the third exception. *Coursey vs. Covington*, 5 *Har. & John.*, 45; *Stabler vs. Cowman*, 7 *Gill & John.*, 284; *Newell vs. Hill*, 2 *Metc.*, 180.

The offer made, as stated in the second exception, was to read the contract in connection with the *narr.* filed by the appellee in the preceding case against the appellant. The appellee had sued in covenant in that case, and had attached the contract to the *narr.* as the deed upon which the suit was instituted. The appellant offered to read the *narr.* and contract together, as an admission of the appellee that the paper was the contract under which the work was done on the Section No. 25. It was admissible for this purpose. *Fishmongers'. Co. vs. Robertson,* 5 *Manning & Gr.,* 192; *Brickell vs. Hulse,* 7 *A. & E.,* 454, (34 *E. C. L. R.*); *Gardner vs. Moult,* 10 *A. & E.,* 464, (37 *E. C. L. R.*); *Buller's Nisi Prius,* 236; *Citizens' Fire Ins. Security and Land Co. vs. Doll,* 35 *Md.,* 103–4.

The Court seems to have fallen into error under the idea that the same question of pleading was involved, and that the *narr.* and paper were inadmissible, because the appellee had abandoned the previous case, because the Court was of opinion that he could not maintain covenant. But there was no question of pleading, nor any attempt by the appellant to take a position inconsistent with that in the previous case. It was the deed of the appellee, although not of the appellant.

The Court was certainly wrong in refusing the offer made in the fourth exception. Whether properly executed or not, the proof shows that both parties acted with reference to the paper, and the appellee testified that it fixed the prices of the work, and the monthly estimates under which the work was paid for, were provided for in that contract, and that it was mentioned and referred to in the monthly estimates under which he had received his payments.

If it were a mere memorandum made at the time the contract was entered into, showing prices, &c., and afterwards alluded to in the course of settlements, it would be admissible.

No appearance for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This appeal comes before us on four bills of exceptions taken by the defendant below, and presents only questions of evidence.

The suit is an action of *assumpsit* instituted by the appellee. The *"narr."* contains the common counts; a bill of particulars was filed, showing a claim for work done in the construction of the railroad of the appellant, on section 25.

After the testimony of the appellee had been given in support of his action, as set out in the first bill of exceptions, the appellant (first having proved the signatures thereto,) offered to read to the jury a certain paper, purporting to be Articles of agreement between Michael Barry and Richard Malone, (under the firm of Dougherty, Barry & Co.) party of the first part, and the appellee, party of the second part, containing a contract on the part of the latter to perform the work of constructing and finishing "section No. 25" of the Western Maryland Railroad. The paper contains specifications of the work, the prices, and the times of payment for the same, by the party of the first part; with stipulations for the measurement of the same to be made by the *Engineer* in charge of the work. The paper is dated the 26th day of June, 1867, and is signed and sealed by the appellee only. Neither Barry nor Malone, the other parties named in the articles, signed or sealed the same; the places intended for their signatures being blank, with only the word seal written upon them.

On the back of the paper are the following endorsements, duly stamped:

"For value received, we hereby assign and set over to the Western Maryland Railroad Company, our interest in the within contract.

"Witness our hands and seals, this first day of October, 1867.

"MICHAEL BARRY, [SEAL.]
"RICHARD MALONE, [SEAL.]

"Witness:
WASHINGTON DUNN.

"I hereby assent to the above assignment, and agree that the Western Maryland Railroad Company be subrogated to the rights of the parties of the first part to the said contract, and that the engineer of said company be substituted for the engineer of the parties of the first part.

"Witness my hand and seal, this first day of October, 1867.

"DAVID ORENDORFF, [SEAL.]"

The Court below refused to allow the appellant to read this paper to the jury, and to this ruling the appellant took the first bill of exceptions.

The same paper was then offered by the appellant in connection with a declaration which had been filed by the appellee in the same Court, in an action of covenant instituted by him against the appellant, wherein he had alleged that the appellant and himself had entered into an agreement and contract, and had filed therewith the same Articles of agreement, as the ground of his action. This testimony was offered to show an admission on the part of the appellee, that the terms set out in the said *paper* were the terms on which the work was done. But the Circut Court refused to allow the declaration and the paper to be read to the jury, stating that the appellee had abandoned his action in the previous case, because the Court was of opinion that he could not sue the appellant in covenant on the paper filed with his declaration. To this ruling the second bill of exceptions was taken.

The appellant then offered to read the same paper to the jury in connection with proof that the same came from the custody of Barry and Malone to that of the appellant, and was accepted and acted under by Barry and Malone therein named; and by the appellant after the assignment to it, as the contract for section 25. To the refusal of the Court to allow the paper to be read to the jury in connexion with the proof before stated, the third bill of exceptions was taken.

The fourth bill of exceptions was taken to the refusal of the Circuit Court to allow the appellant's counsel to read to the jury the paper before mentioned, for the purpose of proving the prices which the appellee was to receive for the work done by him on section 25, and the manner in which the payments were to be made, and the mode in which the estimates were made up, and the mode in which the final payment was to be made.

No argument has been made on behalf of the appellee, or any brief filed in support of the rulings of the Circuit Court.

In our opinion, the Circuit Court erred in refusing to allow the contract to be read in evidence, as offered in each of the exceptions.

In the testimony of the appellee there was sufficient to show that he, as well as the appellant, had treated the written contract as containing the terms upon which the work was to be done, and had so recognized and acted upon it.

The fact that the paper was not signed and sealed by Barry and Malone, and was signed and sealed only by the appellee, is not a valid objection to it as evidence.

In *Stabler vs. Cowman,* 7 *G. & J.,* 284, where a contract in writing was entered into between two parties, intended to be signed and sealed by both, but which was signed and sealed by one only, and signed by the other but not sealed, it was held that both were bound, but in

different forms; that while it was the covenant of the former, it was merely the parol contract of the latter, and an action of assumpsit against him was sustained.

It has long been settled that if two parties enter into an indenture or agreement intended to be signed and sealed by both, but in fact signed and sealed only by one, that it will be the covenant of him who has signed and sealed. *Morgan vs. Pike*, 78 *Eng. C. L.*, 473; *The Northampton Gas Light Co. vs. Parnell*, 80 *Eng. C. L.*, 630.

In the former of those cases the principle is very clearly stated by JERVIS, C. J., and the authorities cited in its support. The only exception to this rule, as stated by the learned Judge, is in cases of indentures of lease, and in respect to those covenants of the lessee which are annexed to the term or depend on the interest therein, and which do not bind the lessee, unless the lessor has also executed the indenture, as was decided in *Pitman vs. Woodbury*, 3 *Exch.*, 11.

Inasmuch as, in our opinion the paper was admissible in evidence, as offered in the first bill of exceptions, it is not material to consider at any length the particular questions raised by the other bills of exceptions.

Unquestionably, the paper would have been admissible in evidence in connexion with the proof offered by the appellee, and that set out in the third bill of exceptions, showing that both parties acted with reference to it; and the appellee having testified that it fixed the prices of the work, except so far as they had been changed by mutual agreement; whereby the price for solid rock had been increased to $1.50 per cubic yard, instead of $1.20, as fixed by the contract; and it appearing that it was mentioned and referred to in the monthly estimates under which the appellee had received his payments. In this state of facts the paper would be admissible in evidence for the purposes mentioned in the fourth bill of

exceptions without regard to the regularity of its execution, as a memorandum of the terms upon which the work was to be done by the appellee.

*Judgment reversed*
*and new trial ordered.*