State, use of Gilkeson *vs.* Humbird, *et al.*

*Judgment affirmed.*

(Decided 1st July, 1880.)

STATE OF MARYLAND, use of J. WILLIAM GILKESON, and others *vs.* JOHN HUMBIRD, and others.

*Seal necessary to the Validity of a Bond or specialty—Plea of Non est factum—Evidence insufficient to show the Adoption of a Written instrument as a Deed—Words that are insufficient to constitute a Written instrument, the Deed of one who does not Seal the instrument.*

An action was brought upon an administration bond which was signed by the administrator and three others as sureties. A scroll seal was opposite the signature of each, except to that of the appellee H., one of the sureties; there was no seal opposite to or in any way attached to his signature. H. pleaded *non est factum.* There was no evidence to show that at the time of signing the bond H. adopted any one of the seals of the other parties. It appeared, however, that some time after the delivery of the bond sued on, the administrator conveyed to H. and S. another of the sureties, to indemnify them against loss on account of the same, certain personal property. HELD:

1st. That the bond sued on was not in fact the bond of H., not having been sealed by him, and the plea of *non est factum* was a good plea.

2nd. That the conveyance of indemnity by the administrator to H. and S., did not furnish evidence from which a jury might infer that H. adopted the instrument as his deed.

State, use of Gilkeson *vs.* Humbird, *et al.*

A seal is essential to a deed or specialty, although it is not necessary
that every one signing a deed should have a separate seal, nor is
it necessary that there should be as many seals as signatures. One
may authorize another to sign and seal a deed in his behalf, or he
may sign it, and adopt the seal of one of the parties.

Neither the words "signed and sealed with our seals," in the body of
an administration bond, nor the words "signed, sealed and de-
livered in presence of," just above the signatures of the attesting
witnesses, are sufficient to constitute the instrument, the deed or
specialty of one who does not in fact seal the instrument.

APPEAL from the Circuit Court for Allegany County.

*Exception.*—At the trial of this cause the plaintiff gave
in evidence the bond of Richard M. Sprigg, as adminis-
trator of his mother, Jane D. Sprigg, and proved by John
Humbird, one of the defendants, that his name signed to
said bond was in his hand-writing, and that at the time
of signing the same, he understood that he was signing
said bond as one of the securities of Richard M. Sprigg
as such administrator. The plaintiff also gave in evi-
dence the second and final account of the said Richard M.
Sprigg, as administrator as aforesaid, whereby it appeared,
that after payment of all proper debts and charges against
the estate of the said Jane D. Sprigg, and all costs and
expenses of the administration, there was due to Joseph
Sprigg, one of the children and legal representatives of
the said Jane the distributive share of $655.12. The
plaintiff further gave in evidence the assignment of the
said Joseph Sprigg, whereby he conveyed all his right,
title and interest in the estate of his mother, to J. William
Gilkeson. The plaintiff also gave in evidence a mortgage
from the said Richard M. Sprigg, and others, to the said
John Humbird and Alfred Spates, which was executed to
protect them from loss of every kind by reason of their
liability as sureties on his administration bond. Other
evidence was furnished by the plaintiff. The testimony
was all taken as against Humbird, subject to exception.

Humbird moved the Court to strike out as testimony in the case, the aforesaid bond and mortgage offered in evidence by the plaintiff, and the testimony of the said Humbird himself. The Court (MOTTER and PEARRE, J.,) granted the motion, and the plaintiff excepted. Judgment was entered for the defendants for costs, and the plaintiff appealed.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ROBINSON, J., for the appellant, and submitted on brief for the appellees.

*J. H. Gordon,* for the appellant.

*Wm. M. Price* and *William Brace,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a suit upon the administration bond of Richard M. Sprigg.

In the body of the bond, it purports to be signed and sealed by Richard M. Sprigg, Alfred Spates, J. H. Long and John Humbird.

It is signed by all these parties, and there is a seal opposite to each of the signatures of Richard M. Sprigg, Alfred Spates and J. H. Long, but there is no seal opposite to or in any manner attached to the signature of the appellee, Humbird. And the question is whether the plea of *non est factum* by him is a good plea?

A seal is essential to a deed or specialty, although it is not necessary that every one signing a deed should have a separate seal, nor is it necessary there should be as many seals as signatures. One may authorize another to sign and seal a deed in his behalf, or he may sign it and adopt the seal of one of the parties.

In order, therefore, to support this action, it must appear that the bond in question, was sealed by the

appellee, Humbird, or by some one acting in his behalf and by his authority, or that he adopted the seal of one of the other contracting parties.

Neither the words " signed and sealed with our seals," in the body of the bond, nor the words "signed, sealed and delivered in presence of," just above the signatures of the attesting witnesses, are sufficient to constitute the instrument, the deed or specialty of one who does not in fact seal the instrument.    This was expressly decided in *Stabler vs. Cowman,* 7 *G. & J.,* 284.

Ordinarily each party affixes a seal opposite to his signature, and in the absence of proof to the contrary, the instrument will be held to be the deed of the parties only, to the signatures of whom seals are attached, or in some manner connected.

Now in this case, there are seals opposite to the signatures of all the contracting parties, except that of the appellee, Humbird ; there is no seal opposite to or in any manner attached to his signature, nor is there any evidence to show that at the time of signing the bond, he adopted any one of the seals of the other parties.    It is simply a case, in which one of the obligors, through *inadvertence or mistake* failed to affix a seal to his signature, and without which the instrument cannot be considered his deed.

It appears, however, that some time after the delivery of the bond in question, Richard M. Sprigg, the administrator, conveyed to the appellees, Humbird and Alfred Spates, certain personal property to indemnify them against loss on account of the same, and it is argued that this conveyance is evidence from which a jury may infer that the appellee, Humbird, adopted the instrument as his deed.

The question here, however, is whether the bond sued on is, in fact, the bond of Humbird?   He intended, no doubt, to affix a seal to his signature, and the Sprigg con-

State, use of Gilkeson *vs.* Humbird, *et al.*

veyance may be evidence to show that he was under the impression that such seal had been affixed; but neither his intention, nor impression, nor acts by him under that impression, could make an instrument a deed, when in point of fact it was not a deed.

The bond upon its face shows there is no seal attached to his signature, and no one could reasonably infer from the fact that the principal obligor subsequently conveyed property to the appellee by way of indemnity, that he at the time of signing the bond, intended to adopt as his own the seal or seals of other contracting parties.

The case of *Ball vs. Dunsterville, et al.,* 4 *T. R.,* 313, and *Perkins on Conveyancing,* sec. 137, were fully considered by the Court in *Stabler vs. Cowman,* and the decision in that case is, we think, conclusive as to the question in this appeal. We are dealing with a suit on a bond in a Court of law, and the question is whether the bond is sealed by the appellee Humbird? If it is not, the bond is not his deed, and the plea of *non est factum* is a good plea.

What may be the remedy of the plaintiff in a Court of equity is a question not now before us.

For these reasons the judgment below must be affirmed.

*Judgment affirmed.*

(Decided 1st July, 1880.)