# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 25, 1909.

BALTIMORE PEARL HOMINY COMPANY, A BODY CORPORATE,
VS.
SETH H. LINTHICUM, TRUSTEE OF THE BANKRUPT ESTATE OF RICHMOND H. FORD & COMPANY.

*Frank B. Smith* and *W. J. Cross* for plaintiff.

*S. S. Field* for defendant.

SHARP, J.—

This case arises on a demurrer to the bill. The purpose of the proceeding is to obtain a decree enjoining the defendants from further prosecuting a suit at law heretofore instituted by them against the plaintiffs in the Court of Common Pleas.

An answer was filed to which the plaintiff filed exceptions. By leave of the Court the answer was withdrawn at the hearing and a demurrer filed to the bill.

The answer and the exceptions may, therefore, be left out of consideration. Nor need the proceedings in the Circuit Court, between the same parties referred to in the answer and the arguments, be considered.

The bill alleges:

"1. Heretofore, to wit, on the 27th day of October, 1905, the plaintiff executed a written contract, and specifications forming a part of the same, with one Richmond II. Ford, then of Baltimore city, trading as Richmond II. Ford and Company, whereby the said Richmond H. Ford trading as Richmond H. Ford and Company, contracted and agreed to construct and build for the plaintiffs here n certained buildings and improvements upon the property of said plaintiff, at the southwest corner of Howard and Ostend streets, in Baltimore city."

"2. Plaintiff shows to your Honor, that while the said written agreement made it clear that said Richmond II. Ford and Company was to receive for the work set out in the specifications the actual cost thereof, and ten per cent. additional as compensation, up to the sum of forty-five thousand dollars ($45,000), said agreement did not make perfectly clear the further condition that said forty-five thousand dollars ($45,000) was the limiting price agreed upon by said parties for the cost of said work, including said ten per cent. commission, and that no greater amount than said forty-five thousand dollars ($45,000) was to be paid by this plaintiff for the cost of the work included in said specifications with said ten per cent. commission. Plaintiff further shows that said agreement also set forth clearly that all the work done outside of said specifications was to be paid for separately at the market price for the same."

"3. Plaintiff further shows to your Honor that subsequently, on May 10, 1906, before the completion of said work, the said Richmond H. Ford addressed a letter unto this plaintiff, signed by him as Richmond H. Ford and Company, stating his understanding of said agreement and desiring that the said provision that said sum of forty-five thousand dollars ($45,-000) should be the limit of this plaintiff's total liability for the cost of the work included in the specifications and the commission thereon should be made a distinct part of said agreement."

"This plaintiff on May 11, 1906, by a letter in reply addressed to said Richmond H. Ford and Company accepted the said proposition and agreed that said provision should form a distinct part of said agreement."

Copies of the agreement, specifications and the two letters are filed with the bill as exhibits.

The bill further alleges that the plaintiff paid the whole of said sum of forty-five thousand dollars ($45,000) to the defendant, and in addition thereto paid certain other sums for extras and has fully satisfied all claims of the said Ford upon him under said contract.

The bill then alleges:

"6. Further complainant shows unto your Honor that the said agreement as first executed on the twenty-seventh day of October, 1905, had affixed unto the signature of the said Richmond H. Ford, a seal, though no seal was so attached to the signature of this plaintiff, so that the said paper, as this plaintiff is informed, could not, at law, as an agreement be modified or completed by any agreement not so under seal. And the said Seth H. Linthicum, trustee as aforesaid, did on the thirtieth day of October, 1907, file in the Court of Common Pleas of Baltimore City, an attachment against this plaintiff as a nonresident, claiming the sum of fourteen thousand, five hundred and ten dollars and forty-nine cents ($14,510.49), and being still due and unpaid by this plaintiff on account of said contract."

"7. And this plaintiff shows unto your Honor that the claim upon which said attachment is brought against this plaintiff is a wholly fictitious and fraudulent claim, being based in great part upon an alleged cost for the work included in said specifications beyond the said sum of forty-five thousand ($45,000), and it is the intention of said Seth H. Linthicum, trustee, by said attachment proceedings, to avoid the effect of the said letters which completed the agreement between the said parties and form a necessary part thereof, and to make this plaintiff liable upon an interpretation of a mutilated and imperfect agreement that did not express the real and final agreement of the parties and did not constitute the agreement under which the parties acted and on the faith of which the plaintiff made his payments to said Richmond H. Ford and Company. All of which proceedings constitute a great hardship and a fraud upon this plaintiff."

"8. And this plaintiff shows unto your Honor that he is without remedy in this matter unless relieved by the action of a court of equity, because the said original paper being a sealed instrument cannot be modified or added to by any subsequent agreement of the parties not under seal."

The bill prays that Seth H. Linthicum, trustee, may be perpetually enjoined from any further proceedings at law to collect the said claim, and for other relief.

The letters referred to in plaintiff's bill, marked "Exhibits 3 and 4," are as follows:

(Baltimore, Md., May 10, 1906.

"Harry B. Smith, Pres.,
  "Baltimore Pearl Hominy Co.,
    "Balto., Md.

"Subject:—Contract Richmond H. Ford & Co., contractor, and Baltimore Pearl Hominy Co., contractee, with reference to certain ambiguity.

"Dear Sir:—

"With reference to the above subject matter and ' to avoid any misunderstanding in certain terms thereof, we wish to express, viz.: In the said agreement executed in duplicate, and dated October 27th, 1905, paragraphs Nos. 1, 4 and 9, where it refers to the cost of the erection of the buildings and the remuneration therefrom of ten (10) per centum, we understand that the entire cost, (to include said remuneration or commissions) shall not exceed forty-five thousand dollars ($45,000).

"Please acknowledge receipt of this letter and thus conclude in the minds of the parties thereto what might be regarded as an ambiguity.

"Yours very truly,
  "(Signed) RICHMOND H. FORD."

"Baltimore, May 11, 1906.

"Richmond H. Ford & Co.,
  "Equitable Bldg.,
    "City.

"Subject:—Contract Richmond H. Ford & Co., contractor, and Baltimore Pearl Hominy Co., contractee, with reference to certain ambiguity.

"Gentlemen:

"I beg leave to acknowledge the receipt of your letter of the 10th day of May. 1906, concerning a certain ambiguity, or what might have been regarded as such, in the above subject-matter. Your statement conforms to my views, and I wish to accept the same from henceforth as suggested by your letter, as part of our contract.

"Yours very truly,
  "(Signed) H. B. SMITH,
    "Pres. Balto. Hominy Co."

It will be seen from what has been said that the sole ground on which the plaintiff asked the intervention of equity, is because he has no remedy at law or because the remedy at law is inadequate or incomplete. It is contended that the contract, being under seal, the letters, though modifying the contract in a very important way are not admissible by way of defense at law because they are not under seal. There were no other reasons assigned for the intervention of a Court of equity.

This contention is not well founded.

The contract must be regarded as the covenant of Ford and Company, a seal having been affixed to their signature, but the simple contracts of the plaintiff, who signed but did not seal the contract. This case is governed by the case of Stabler vs. Cowman, 7 G. and J., 206 (284). This was an action of assumpsit.

Stabler and Cowman made an agreement in writing for the sale of a chattel. In the body of the contract the instrument was described as an "agreement." The concluding clause was "in witness of which we have hereunto set our hands and seals this twenty-fifth day of fourth month, 1820." The document was signed by both parties but sealed by Stabler only. Stabler sued Cowman in assumpsit on the agreement.

The plea was non-assumpsit. "The plaintiff offered to read the paper in evidence, which being objected to, it was rejected by the court on the ground that although having but one seal, it must be taken as sealed by both parties, and therefore could not be admitted in evidence in this form of action, to prove the contract stated in the declaration.

There was a judgment for the defendant. The Court of Appeals reversed the judgment. The Court of Appeals said, referring to the exclusion of the agreement by the court below. "It could only have been on the ground, that it was the deed of the defendant, and covenant therefore the proper action, that it was rejected, otherwise it must have been admitted, as in the case of any other written contract not under seal which furnishes the subject of an action on the case." * * *

"The words, 'in testimony whereof I have hereunto set my hand and seal,' or, 'we have hereafter set our hands and seals,' found in the body of an instrument of writing, are not sufficient to constitute it, the deed or specialty of the party named, whose seal is not affixed. On the other hand, it is the

deed of the party named, who has sealed and delivered it, although there are not such words in the body of the writing.

"It is the fact that determines the character of the instrument, and not the assertion in the body of it, that it is signed and sealed, which, wherever introduced, is done before the signing and sealing."

"The practice is for each party to a sealed instrument to place his name opposite to his seal; though it may not be necessary that they should be opposite to each other. But if there be but one seal, and that opposite to the name of one of the parties; in the absence of all proof to the contrary, it must be taken to be his seal alone.

In this case, it was evidently intended that the defendant should seal the instrument in question, which, from accident or mistake, appears to have been omitted; it is not, therefore, his deed, and should have been permitted to be read to the jury. The case of Taylor and versus the Glasson, 2d. Sergt. and Rawle, 502, is very like this case."

See also R. R. Co. vs. Orendorff, 37 Md. 334.

Jackson vs. Myers, 43 Md. 465.

State vs. Humbird, 54 Md. 330.

The short note or nar. in the attachment case instituted by the trustee in bankruptcy of Ford against the plaintiff in this case in the Court of Common Pleas was in assumpsit and based on a simple contract and not a specialty.

This being true, the letters would be admissible in evidence and take effect according to their true construction and legal effect, either in modifying or construing the contract of the 27th of October, 1905. The fact that contract was sealed by Ford is immaterial. The intervention of equity is therefore unnecessary to protect the plaintiff in his rights, his remedy at law being full, adequate and complete. No other reasons having been presented for the interference of a court of equity, the injunction must be refused and the bill dismissed.

No opinion is expressed on the construction of the contract of the 27th of October, 1905, or the construction or legal effect of the letters. These questions will more properly be considered in the attachment case.