## BALTIMORE PEARL HOMINY COMPANY *vs.* SETH H. LINTHICUM, TRUSTEE.

*Contract Sealed by One Party and Not by the Other—Subsequent Parol Agreement.*

When a seal is attached to the signature of one of the parties to a written contract, but not to that of the other party, the contract as to the latter is a simple contract, while as to the former it is a contract under seal.

Consequently, in an action against the party who did not seal the contract, evidence would be admissible to show that it was changed by a subsequent parol agreement, and therefore that party has no ground for invoking the jurisdiction of a Court of equity upon the allegation that such evidence would not be admissible in an action at law.

*Decided January 11th, 1910.*

Appeal from the Circuit Court No. 2 of Baltimore City (SHARP, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and THOMAS, JJ.

*Frank B. Smith* (with whom was *W. Irvine Cross* on the brief), for the appellant.

*Albert E. Donaldson* (with whom was *S. S. Field* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court No. 2 of Baltimore City sustaining a demurrer to and dismissing the bill of complaint of the Baltimore Pearl Hominy Company against Seth H. Linthicum, Trustee.

The bill states that on the 27th of October, 1905, the plaintiff and Richmond H. Ford, trading as Richmond H. Ford & Co., executed a written contract, "and specifications forming a part of same," whereby the said Richmond H. Ford & Co. "contracted and agreed to construct and build for the plaintiff" certain buildings and improvements "upon the property of the plaintiff at the southwest corner of Howard and Ostend streets in Baltimore City;" that while the agreement made it clear that Richmond H. Ford & Co. was to receive for the work set out in the specifications "the actual costs thereof and ten per cent. additional as compensation up to the sum of forty-five thousand dollars, said agreement did not make perfectly clear the further condition that said forty-five thousand dollars was the limiting price agreed upon by said parties for the cost of said work including said ten per cent. commission and that no greater amount than said forty-five thousand dollars was to be paid by the plaintiff for the cost of the work included in said specifications with said ten per cent. commission," and that "said agreement also set forth clearly that all the work done outside of said specifications was to be paid for separately at the market price for same;" that "subsequently on the 10th day of May, 1906, before the completion of said work, the said Richmond H. Ford addressed a letter to the plaintiff, signed by him as Richmond H. Ford & Co., stating his understanding of said agreement and desiring that the said provision that said sum of forty-five thousand dollars should be the limit of plaintiff's total liability for the cost of the work included in the specifications and the commission thereon should be made a distinct part of said agreement," and that the "plaintiff on May 11, 1906, by letter in reply addressed to Richmond H. Ford & Co., accepted the said proposition, and agreed that said provision should form a distinct part of said agreement;" that "the work went on under the agreement as thus completed and understood by the parties thereto and payments were made on the faith thereof to the said Richmond H. Ford & Co., and accepted by him on account of both work included

in said specifications and work not so included;" and the plaintiff in fulfillment of the agreement paid to Richmond H. Ford & Co., "for and on account of the cost of the work included in said specifications and commission thereon, the whole of said sum of forty-five thousand dollars as set forth in said contract and in addition thereto paid in full, in ac-cordance with the terms of said contract and specification, the cost of all work which, under said contract, was not to be covered by said forty-five thousand dollars, so that said Rich-mond H. Ford has been paid in full for the work done under said contract as made between him and the plaintiff and has no just and equitable claim for any further payment."

It further charges that on the 15th of September, 1906, "Richmond H. Ford, trading as Richmond H. Ford & Co., had filed against him a petition in bankruptcy and was ad-judged a bankrupt in the United States District Court for the District of Maryland" and Seth H. Linthicum, the de-fendant, was elected trustee of the estate of said bankrupt, and that he duly qualified and assumed his duties as such trustee; that the agreement "as first executed on the 27th of October, 1905, had affixed under the signature of the said Richmond H. Ford & Co. a seal, though no seal was attached to the signature of the plaintiff, so that the said paper, as the plaintiff is informed, could not, at law, as an agreement be modified or completed by any agreement not under seal;" that the said Seth H. Linthicum, Trustee, "on the 30th of October, 1907, filed in the Court of Common Pleas of Balti-more City an attachment against the plaintiff as a non-resi-dent claiming the sum of $14,510.49 as being still due and unpaid by the plaintiff on account of said contract, which said attachment has been removed to the Superior Court of Baltimore City, where the said case is now pending and is about to be tried;" that "the claim upon which said attach-ment is brought—is a wholly fictitious and fraudulent claim, being based in a great part upon an alleged cost of the work included in said specifications beyond the said sum of forty-five thousand dollars; and it is the intention of the said Seth

H. Linthicum, Trustee, by said attachment proceedings to avoid the effect of said letters which completed the agreement between the said parties and formed a necessary part thereof and to make the plaintiff liable upon an interpretation of a mutilated and imperfect agreement that did not express the real and final agreement of the parties and did not constitute the agreement under which the parties acted and on the faith of which the plaintiff made his payments to said Richmond H. Ford & Co. All of which proceedings constitute a great hardship and a fraud upon this plaintiff, who has, as is well known to the said trustee, made full payment to the said Richmond H. Ford & Co. of all that in equity and good conscience the said Richmond H. Ford & Co. or said trustee have ever been entitled to demand on account of said contract," and that the plaintiff is without remedy in the matter "unless relieved by the action of a Court of equity, because the said original paper being a sealed instrument cannot be modified or added to by any subsequent agreement of the parties not under seal." The prayer of the bill is for an injunction restraining the trustee from further proceedings at law against the plaintiff to collect said claim, and "especially from proceeding further with the said attachment proceeding in the Superior Court of Baltimore City."

The letters referred to in the bill are as follows:

"BALTIMORE, MD., May 10th, 1906.

Harry B. Smith, President,

Baltimore Pearl Hominy Co.,

Baltimore, Md.

Subject:—Contract Richmond H. Ford & Co., Contractor, and Baltimore Pearl Hominy Co., Contractee, with reference to certain ambiguity.

Dear Sir:—With reference to the above subject-matter and to avoid any misunderstanding in certain terms thereof, we wish to express our views and to have this matter made a part of the same, viz:—In the said agreement executed in duplicate and dated October 27th, 1905, paragraphs Nos. 1, 4 and 9,

where it refers to the cost of the erection of the buildings and the remuneration therefrom of ten (10) per centum we understand that the entire cost (to include said remuneration or commission) shall not exced forty-five thousand ($45,000) dollars.

Please acknowledge the receipt of this letter, and thus conclude in the minds of the parties thereto might be regarded as an ambiguity.

Yours truly,

RICHMOND H. FORD."

"BALTIMORE, MD., May 11th, 1906.

Richmond H. Ford & Co.,

    Equitable Bldg., City.

Subject:—Contract Richmond H. Ford & Co., Contractor, and Baltimore Pearl Hominy Co., Contractee, with reference to certain ambiguity.

Gentlemen:—I beg leave to acknowledge the receipt of your letter of the 10th day of May, 1906, concerning a certain ambiguity, or what might have been regarded as such, in the above subject-matter. Your statement conforms to my views, and I wish to accept the same from henceforth, as suggested by your letter, a part of our contract.

Yours very truly,

H. B. SMITH, President,

Baltimore Pearl Hominy Co."

It is apparent from the above recital of the allegations of the bill, that the only ground on which the plaintiff claims the right to invoke the jurisdiction of a Court of equity is that the agreement of the parties as evidenced by these letters is not available as a defense in a Court of law in a suit by the defendant against it to recover an amount claimed to be due and payable under the terms of the original contract. The plaintiff contends that an obligation under seal cannot be altered except by an instrument executed with the same solemnity, and that in an action at law on a contract under seal, a subsequent agreement not under seal, by which the terms of the original contract are modified, cannot be plead-

ed as a defense, and relies upon the cases of *Zihlman v. Cumberland Glass Co.,* 74 Md. 303, and *Conner* v. *Groh, Doub & Co.,* 90 Md. 674.

In the former case the suit was for a breach of a contract under seal, by which the defendant corporation agreed to pay plaintiff a certain royalty for the use of a patent which had been granted to him. The defendant averred in its second plea that the patent belonged to the plaintiff and his brother, and that in accordance with a *prior verbal agreement,* the defendant, with the approval of the plaintiff, paid one-half of the royalty earned by the patent to the plaintiff and the other half to his brother. The Court, in affirming the ruling of the Court below sustaining a demurrer to the plea, said: "This plea is pleaded as a common law defense to an action on a contract under seal. It seeks to vary and contradict not only the express terms of the patent, but those of the sealed contract itself, by verbal proof, and by a *verbal agreement* made *before* the contract sued on was executed, and by a verbal agreement or *understanding* made subsequently thereto. That this is no legal defense to the action seem to us too clear for argument." In *Conner's Case* the bill was filed for the cancellation and reformation of the contract under seal alleged to have been procured by fraud and misrepresentations, and for an injunction restraining the prosecution of a suit at law on said contract. The defendant contended that the plaintiff "had a full, complete and adequate remedy at law by a plea 'for defense upon equitable grounds' under sec. 83 of Article 75 of the Code," but this Court, speaking through JUDGE PEARCE, said: "If we should now hold that this statute has so enlarged the jurisdiction of Courts of law as to confer upon them the power of cancelling and reforming contracts, we should destroy, by construction, one of the fundamental distinctions between the jurisdiction of law and equity, and this we are not prepared to do."

Even if we were to admit that these cases go to the extent of holding that in a suit on a contract under seal the defendant cannot rely, in a Court of law, upon a subsequent agree-

ment not under seal, made before breach and acted on by the parties, they have no application to the facts in this case.

The bill states that the contract of the 27th of October, 1905, was signed and sealed by Richmond H. Ford & Co., but was not sealed by the plaintiff, and the copy of the contract filed with the bill and included in the record, shows that there is but one seal to the contract, and that is opposite the name of Richmond H. Ford. The contract is not, therefore, the deed or *contract under seal* of the plaintiff, and any action in a Court of law against the plaintiff, to recover on this contract, must be based on a simple contract and not on a specialty.

In *Stabler* v. *Cowman,* 7 G. & J. 287, BUCHANAN, C. J., states the case as follows: "This is an action on the case, upon a contract in writing, between the plaintiff and defendant, concluding with these words, 'in witness of which, we have hereunto set our hands and seals,' with the word *teste* prefixed to the name of the subscribing witness, whose handwriting, he being dead, was proved at the trial.

"It was signed and sealed by the plaintiff, and signed by the defendant, but with no appearance of a seal, or of there ever having been one, opposite to, or in any manner connected with his signature. The only seal, or appearance of one upon the instrument, being that of the plaintiff.

"Issue was taken on the plea of *non assumpsit,* and to support the issue on his part, the plaintiff offered to read this paper in evidence, which being objected to, it was rejected by the Court on the ground that, although having but one seal, it must be taken as sealed by both parties, and therefore, could not be admitted in evidence in this form of action, to prove the contract stated in the declaration.

"It could only have been on the ground, that it was the deed of the defendant, and covenant therefore, the proper action, that it was rejected, otherwise it must have been admitted, as in the case of any other contract not under seal which furnishes the subject of an action on the case." The Court, after holding that the contract was not the deed of the de-

fendant, reversed the judgment of the Court below and remanded the case for a new trial.

*Stabler's Case* was cited and relied on in *Western Md. R. R. Co.* v. *Orendorff,* 37 Md. 328, where the Court said: "In *Stabler* v. *Cowman,* 7 G. & J. 284, where a contract in writing was entered into between two parties intended to be signed and sealed by both, but which was signed and sealed by one only, and signed by the other but not sealed, it was held that both were bound, but in different forms; that while it was the covenant of the former, it was merely the parol contract of the latter, and an action of *assumpsit* against him was sustained."

The contract in this case being the *simple contract* and not the deed of the plaintiff, in an action at law on the contract against the plaintiff, any subsequent agreement of the parties affecting the liability of the plaintiff would be available as a defense and admissible in evidence. *Coates* v. *Sangston,* 5 Md. 121; *Atwell* v. *Miller,* 11 Md. 348.

In *Allen* v. *Sowerby,* 37 Md. 410, JUDGE STEWART, after stating the rule that "parol contemporaneous testimony is inadmissible to contradict or vary the terms of a valid written instrument," says "without doing violence to this long established and useful rule of evidence, it has been held competent to prove by parol a distinct subsequent agreement, waiving, abandoning or modifying the terms of the writing, or to prove an *additional supplementary agreement,* by parol, by which *something* is *supplied,* that is not in the written contract."

As full force and effect can be given to the agreement evidenced by the letters referred to in any action at law against the plaintiff on the original contract, and as no other ground is presented by the bill for the intervention of a Court of equity, we must affirm the decree of the Court below.

*Decree affirmed with costs.*