. No. 4670.

PETER GALLAGHER VS. SOUTHWESTERN EXPOSITION ASSOCIATION ET AL.

Where a party lets a job of work to a competent and suitable contractor, and does not retain or exercise any control or supervision over the work, he can not be held liable to any employee of such contractor for any injury suffered by the employee while engaged on said work, on account of the fault of the contractor.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. J. H. Grover,* for plaintiff and appellee. *H. N. Ogden,* for defendants.

WYLY, J. The petition charges, in this case, that the plaintiff, one Peter Gallagher, was, on the twenty-sixth day of December, 1871, employed by the Southwestern Exposition Company and their contractor, or agents, as a laborer to assist in the construction of the building known as the Exposition building, and that while in said employ and engaged in the duties thereof he was seriously and permanently injured by the falling of a wall upon him, through the gross negligence and carelessness of the said company and its agents and contractors. The defense was a general denial. The case was tried by a jury, who, after a

patient hearing of the somewhat voluminous evidence, returned a verdict against the said association and Jordan, one of the contractors, *in solido*, for one thousand dollars damages.

The Exposition Association have alone appealed.

The evidence shows that plaintiff was employed by William A. Jordan, a sub-contractor, and that the work undertaken by Jordan was not under the supervision of the Southwestern Exposition Association. The contract was let out to the lowest bidder, and was awarded to William Arms, who sub-contracted with Jordan. According to the evidence of Shaw, the secretary of the association, who was familiar with all the facts, the lots of ground and every thing were put in possession of the contractor, and the association did not undertake to interfere with the work in any way. The association had no contract with Jordan whatever. There is no doubt that plaintiff sustained injury, and is entitled to damages. Jordan, the sub-contractor, by whom he was employed, has not appealed from the judgment against him. . The question is, does the record present a case entitling the plaintiff to recover against the Southwestern Exposition Association, the proprietor for whom the work was done? We think not. The case does not fall within the meaning or provision of article 2320 of the Revised Code, which provides: "Masters and employers are answerable for the damage occasioned by their servants and overseers in the exercise of the functions in which they are employed; * * * responsibility only attaches when the masters or employers, teachers, and artisans might have prevented the act which caused the damage, and have not done it."

If the whole work was confided to a capable contractor, and the proprietor of the ground had no supervision of the work in which plaintiff was employed, as seems to be the case, we find no cause to fix liability for the damage upon said proprietor, the Southwestern Exposition Association. How can we say the employer "might have prevented the act which caused the damage, and has not done it," when the record shows that the association had no supervisory control of the work conducted by Jordan? One can not be charged with fault for an act beyond his control. It was the business of the employer in this case to select a suitable and capable person, which was done, and leave the mode of removing the wall, and the details of the work to the control of the contractor. It was the duty of the latter to complete the building according to contract and deliver it to the proprietor. As the proprietor could not control the action of Jordan, the sub-contractor, in removing the wall which caused the damage to plaintiff, the proprietor is not responsible for the fault or negligence of Jordan. In the case of Camp vs. the Church Wardens of the Church of St. Louis et al., 9 An. 321, where the employer was held responsible for damage occasioned by the fault of the contractor,

Gallagher vs. Southwestern Exposition Association.

this court based the judgment on the ground that the employer had reserved, in the contract, the supervision of the work, and had interfered therein.

Our conclusion is that the judgment against the Southwestern Exposition Association is erroneous.

It is therefore ordered that the judgment herein be annulled so far as it relates to appellant, and that plaintiff's demand as to this defendant be rejected, with costs of both courts.