(105 So. 379)

No. 27198.

## E. C. TAYLOR CO. v. NEW YORK & CUBA MAIL S. S. CO.

## In re E. C. TAYLOR CO.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Shipping** &#9758;86(2)—**Owner of steamer, asserting nonliability for damage done to barge on ground that unloading was done by independent contractor, held to have burden of proof.**

Owner of steamer, asserting nonliability for damage done to barge in unloading it, on ground that work of unloading was done by independent contractor, *held* to have burden of establishing such defense.

2. **Shipping** &#9758;86(2)—**Evidence held not to show that stevedoring company, unloading barge, was independent contractor.**

Evidence *held* not to show that stevedoring company, unloading from barge rails for owner of steamer, to be loaded thereon, was independent contractor, as distinguished from agent of owner of steamer.

3. **Shipping** &#9758;79—**Notification by ship owner to owner of barge that stevedoring company damaging barge was independent contractor held duty of ship owner.**

Where owner of steamer unloaded plaintiff's barge through an independent stevedoring contractor, it was such owner's duty, when such contractor damaged the barge to notify the owner of the barge that the stevedoring work was done by an independent contractor.

4. **Shipping** &#9758;79—**Owner of steamer, if agent of United States government, required to notify owner of barge damaged in unloading of fact of liability of United States government for damages.**

Where a barge was damaged while being unloaded by a stevedoring crew employed by owner of steamer to which the cargo was to be transferred, it was the duty of such owner, if it was agent of the United States government, to notify the owner of the barge of that fact, and that the United States government was responsible for damages done to the barge.

5. **Estoppel** &#9758;63—**Ship owner held not entitled to hold itself out as one responsible for damages of stevedoring crew to barge, and thereafter change its position to prejudice of barge owner.**

Where a barge was damaged when the ship owner's stevedoring crew was unloading the barge, ship owner could not hold itself out as the one responsible for damages, by paying part thereof, and thereafter change its position to the prejudice of the barge owner by asserting the stevedoring work was done by an independent contractor, or by it as agent of the government.

6. **Estoppel** &#9758;52—**When person estopped by silence stated.**

A person, who by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and to act accordingly, is estopped.

Certiorari to Court of Appeal, Parish of Orleans.

Action by the E. C. Taylor Company against the New York & Cuba Mail Steamship Company. Judgment for plaintiff was reversed by Court of Appeal, and plaintiff applies for certiorari or writ of review. Judgment of Court of Appeal annulled and set aside, and judgment of civil district court reinstated and affirmed.

Borah, Himel, Bloch & Borah, of Franklin, for plaintiff.

Terriberry, Rice & Young, of New Orleans, for defendant.

LAND, J. While 500 tons of steel rails were being unloaded for export from barge No. 30 of the E. C. Taylor Company on the Ward Line Steamer Lake Inglenook, some of the rails, through the carelessness of the workmen, slipped through the sling of the derrick, fell, and pierced a hole through the barge.

The cargo was to be unloaded with the ship's tackle and at the expense of the steamer Lake Inglenook.

As a result of this accident, the tug, Alarm, owned and used by the Taylor Company,

in towing its barge, was compelled to lie idle, manned and equipped, for 12 days, at a loss to said company of $1,044.25, while the loss of the use of the barge amounted to $240, and the loss of the fuel oil in the bottom of the barge to $500.

Defendant, the New York & Cuba Mail Steamship Company, operated the Lake Inglenook 'in this state under the name of the Ward Line.

After paying the Johnson Iron Works its bill of $740 for repairs on the barge, defendant company refused to settle with the Taylor Company for the additional damage and loss suffered by said company as the immediate result of the accident.

Suit was instituted by the Taylor Company against defendant company in the civil district court for the parish of Orleans for the balance of the damages claimed, and judgment was rendered in favor of the former company in the sum of $1,784.25, the amount of the additional damages, with legal interest from judicial demand.

On appeal to the Court of Appeal for the parish of Orleans, the judgment of the lower court was reversed, upon the ground that the evidence showed that the work of unloading the rails was done by the G. Raymond Stevedoring Company, as an independent contractor, and not by the servants and agents of defendant company.

The judgment of the Court of Appeal is now before us under a writ of review herein granted.

The defenses urged in the civil district court for the parish of Orleans are twofold:

(1) That, at the time of the accident, defendant company was acting as agent of the United States Shipping Board in the operation of the vessel, and cannot be held for the torts, if any, of employees of the United States Shipping Board on board of the vessel.

(2) That the loading of the vessel was done by the G. Raymond Stevedoring Company, an independent contractor, under a contract made by the Ward Line, for account of the Shipping Board, and that, if there was any fault or negligence on the part of those in charge of loading said rails, it was a matter with which defendant had nothing to do, and over which it had no control, as said work had been let out to an independent contractor.

[1, 2] 1. The burden of proving the special defense, that the work was let out and performed by an independent contractor, rests clearly upon defendant in this case. The testimony, in our opinion, fails to show with reasonable certainty that the stevedoring company was an independent contractor.

Thomas, the agent of defendant company, testifies at one time that he arranged with the stevedoring company to do the work, and that, at the time this barge was being unloaded, we were "employing them on a cost plus basis."

At another time, the witness states that "they were our agents for this purpose."

Again, he declares that he "contracted with them and they were responsible for damages."

Yet Thomas, the representative of defendant company, paid the Johnson Iron Works the cost of repairing the barge of plaintiff company, which was damaged through the carelessness of the employees of the stevedoring company in unloading the barge. This work was done by the Johnson Iron Works, after Thomas had failed to get the barge repaired at the naval dock.

The testimony shows that, when the barge was punctured by the falling of the rails and was thought to be sinking, the men in charge of unloading called Thomas up to know what they should do, and that Thomas "gave instructions to double up the gang and get all rails off as quickly as possible, and to work through the supper hour," which they did.

This is unmistakably exercising supervi-

sion and control by defendant company over the work and employees of the stevedoring company, a position inconsistent with the plea that the latter company was an independent contractor. Faren v. Sellers & Co., 39 La. Ann. 1011, 3 So. 363, 4 Am. St. Rep. 256.

If the stevedoring company was an independent contractor and itself answerable in damages, why should said company have reported to Thomas the damage and asked for instructions?

Instead of paying for the repairs to the barge, why did defendant company not refer plaintiff company to the stevedoring company as solely responsible in damages as an independent contractor? Gallagher v. S. W. Exposition Ass'n, 28 La. Ann. 943.

We are impressed strongly with the idea that the defense of independent contractor in this case is a mere afterthought.

[3-6] 2. Defendant company held itself out as the person responsible. It paid part of the damages. It was plainly the duty of this defendant to have made known to plaintiff company the fact that the rails were unloaded by an independent contractor, if such was the fact. It was its duty to have notified plaintiff that the United States government was responsible, if such was the fact. Defendant cannot, in justice or equity, hold itself out as one responsible, help to adjust the matter, and thereafter change its position to the prejudice of the plaintiff.

"When one, by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence, induces another to believe certain facts to exist and to act accordingly," he is estopped. Branson v. Wirth, 17 Wall. 32, 21 L. Ed. 566.

The defendant company having dealt with plaintiff as the owner of the steamer Lake Inglenook, and having at no time prior to the filing of this suit advised plaintiff that

it was the agent of the United States government or of the Shipping Board, but, on the contrary, studiously avoiding any mention of the fact that it was acting in a representative capacity, or as agent, for any person, the plea of estoppel filed in this case should have been sustained by the court of Appeal, and the judgment of the lower court should have been affirmed.

Is it therefore ordered that the judgment of the Court of Appeal for the parish of Orleans be annulled and set aside. It is now ordered that the plea of estoppel be sustained, and that the judgment of the civil district court for the parish of Orleans be reinstated and affirmed; defendant company to pay the costs of this proceeding and of both courts.

ROGERS, J., having decided the case in the district court, is recused.