No. 4104

**Second Circuit**

C. C. HEBERLING CO., INC., v. DALTON
ET AL.

(December 19, 1931. Opinion and Decree.)

Kimball & Smith, of Monroe, attorneys for plaintiff, appellee.

. B. D. Allbritton, of Monroe, attorney for Frank S. Wyllie.

Munholland & Munholland, of Monroe, attorneys for defendants, appellants.

DREW, J. Plaintiff sued William H. Dalton for the sum of $447.70, less certain enumerated credits, representing an account for merchandise purchased by defendant Dalton from plaintiff, and joined the defendants G. W. Brady and F. S. Wyllie as sureties on a contract of guaranty, and prayed for judgment against all defendants in solido.

G. W. Brady in answer denied signing the contract or authorizing it to be signed, and denied liability thereunder. Defendant Wyllie answered. It is unnecessary to state his defense, as he did not appeal and is not before this court. No answer was filed by defendant Dalton. The judgment was rendered against all defendants in solido, and only the defendant G. W. Brady has appealed.

There is no contest over the correctness of the account against Dalton or as to the amount due. Defendant Brady testified that he did not sign the contract of suretyship, and there is no denial of his testimony. Therefore, we find that the signature of G. W. Brady, as surety on the said contract, is a forgery. The contract of suretyship reads as follows:

"In consideration of the sum of one dollar to us severally in hand paid by the G. C. Heberling Company, the receipt whereof is hereby acknowledged, and the execution of the within agreement, by said Company, and the sale and delivery by it to the party of the second part, of its medicines, extracts and other articles, as therein provided, we, the undersigned sureties, do hereby waive notice of the acceptance of this agreement and jointly, severally and unconditionally promise and guarantee the full and complete payment for said medicines, extracts and other articles, at the time and place and in the manner as in said agreement provided. It is further understood and agreed, however, that our liability hereon shall not exceed the sum of $500.00 (Five Hundred Dollars.)

"Mr. G. W. Brady     Farmer
"Route 1. Box 46.
"Frank S. Wyllie    Cabinet-maker
"500 Standifer St., Monroe."

It is not denied that, if Brady's signature to said contract was genuine, he would be liable thereunder. The contract for the sale of goods to Dalton by plaintiff, with the above-stated contract of suretyship on the back thereof, with the names of G. W. Brady and F. S. Wyllie signed thereto, was forwarded to plaintiff by Dalton. Upon receipt of it, plaintiff, on December 3, 1928, sent by registered mail, return card requested, to defendant Brady the following letter:

"December Third 1928

"Mr. G. W. Brady, R. #1, Box 46, Monroe, La.

"Dear Sir: This is to advise you that our agreement with W. H. Dalton, of Monroe, Louisiana, dated November 19, 1928, and expiring March 1, 1930, limited to the amount of $500.00 for the sale of our products to him on which you have signed as one of his sureties has been accepted, and we are now ready to make shipment of first order of goods to Mr. Dalton.

"You will be entitled at any time upon request to a statement of his business and thanking you very kindly for favoring him in this matter, we remain,

"Yours very truly,
"G. C. Heberling Company,
"President."

.This letter was received by Brady and read in the presence of Dalton, who is his son-in-law. There is no denial of this fact. Brady did not at that time or any time thereafter write or otherwise notify plaintiff that his signature to the contract was a forgery. Acting on the faith of said contract, plaintiff shipped goods to Dalton over a period of several months, and finally, when he did not pay, filed the present suit.

On trial of the case, plaintiff interposed a plea of estoppel, contending that the defendant Brady by his silence was estopped to deny liability on the contract of suretyship. The lower court sustained this plea.

Plaintiff acted in good faith, believing the signature of Brady to be genuine, and, when Brady received the above quoted letter, it was his plain duty to have notified plaintiff that his signature was a forgery. It was his duty to speak, when he remained silent. His silence caused plaintiff to ship goods to defendant Dalton, when it would not have done so had it known the signature of Brady to the contract of suretyship to be a forgery. The doctrine of estoppel by silence has been repeatedly recognized by the courts of this state, other states of the Union, and the Supreme Court of the United States.

In the case of Taylor Company v. New York & Cuba Mail S. S. Co., 159 La. 381, 105 So. 379, 380, the Supreme Court of this state said:

"A person, who by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and to act accordingly, is estopped."

The same doctrine was held in the First National Bank of Winnfield v. Cuynes, 11 La. App. 323, 123 So. 461; also, see, 16 Cyc. 681.

In the case of Commercial National Bank v. Nacogdoches Compress & Warehouse Company, Circuit Court of Appeals, Fifth Circuit, reported in 133 F. pages 501, 504 a case very similar in fact to the one before us, the court said in part:

"That it was wrong for Baldwin and B. S. Wettermark to remain silent under the circumstances, no just man can deny; and, if such wrong caused injury to the bank, a jurisprudence would be defective that afforded no remedy. If we were without precedent in cases, general principles would authorize relief, for the law can ask no better justification than the instincts of all just men. It would be a most unreasonable and unjust rule to permit the active

managers and officers of a warehouse company, who knew that a bank was relying upon its forged receipts, to remain silent and not divulge the fact until the condition of the bank was altered for the worse. The law condemns not only active misrepresentation, but it imposes such activity as is requisite to reasonable social conduct; condemning negligence and requiring a measure of prudence to avoid injuring others. 'A good example of duty,' says the learned author of a recent work, 'is to be found in cases in which a man, finding that his name has been forged, neglects to notify the victim until after his position * * * has been changed.'"

The United States Supreme Court holds to the same doctrine in Leather Manufacturers' Bank v. Morgan, 117 U. S. 96, 6 S. Ct. 657, 29 L. Ed. 811. This court has held to the same doctrine in Goetschel v. Glassell-Wilson Company, Inc., 13 La. App. 424, 127 So. 81.

The Supreme Court of Mississippi in the case of Strauss Brothers v. Denton, 140 Miss. 745, 106 So. 257, 258, 45 A. L. R. 341, in which the facts are identical with the case before us, said:

"When silence is of such character and exists under such circumstances as to become a fraud upon the other party to permit the party who has kept silent to deny that which his silence has induced the other party to believe and act upon, it will operate as an estoppel. * * *

"Here we have Purnell committing not only a fraud, but a criminal fraud by means of which the indebtedness to appellant was incurred. and all with the full knowledge of appellee. We are of the opinion that the facts of this case meet every requirement of the law as to what it takes to constitute estoppel by silence. The appellee was called on to speak from the standpoint of his duty to the public, as well as from a view of his obligations to his fellow man. He knew a crime was being committed that should have caused him to let the truth be known. In addition, he knew his fellow man would suffer by commission of such crime. It was in

appellee's power and his power alone to stop the perpetration of the fraud in his name. We hold that appellee, having failed to speak the truth when he should have spoken, will not now be permitted to speak it to the damage of appellant."

We are convinced, therefore, that the plea of estoppel was correctly sustained by the lower court, and the judgment in favor of plaintiff and against the defendant Brady is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.