BENJAMIN W. JONES EXC'T of EVAN JONES, *vs.*
THOMAS RICKETTS, Garnishee of the ELKTON
BANK.

The law is clearly settled in this State, that the payment of a less sum of money than the whole debt, without a release, is no satisfaction of the debt.

A judgment creditor executed a *a receipt* for a certain sum *in full* of two judgments, upon which more was then due. HELD, that this receipt was not conclusive, nor binding as a *final settlement* of the judgments.

The fact that the debtor went to his creditor at a distance, to make the settlement, cannot avail as a consideration for the payment of the balance due on the judgments : it is the duty of the debtor to seek his creditor for the purpose of payment.

Where the law ascribes to one instrument a conclusive, and to another a *prima facie* character, the presumption is, that parties using either, intend it to operate according to its legal effect.

APPEAL from the Circuit Court for Cecil County.

These were two cases between the same parties, tried together in the court below upon the same evidence. The facts are briefly as follows :   In August 1828, Evan Jones recovered two judgments against the Elkton Bank, before a justice of the peace, one for $10, debt, and 58¼ cents, costs, the other for $20, debt, and the same costs, with interest on each till paid.   Upon these judgments two attachments were issued out of Cecil county court, on the 7th of May 1830, and laid to the amount of $15 in one case, and $25 in the other, in the hands of Thomas Ricketts, who was summoned as garnishee, and appeared and confessed credits in his hands in each case to the amounts attached, and on the 25th of October 1831, judgments of condemnation therefor were entered, with $6.75 costs, in each case.   On the 12th of October 1843, two writs of *scire facias* to revive these judgments were issued, and after service and appearance the cases were continued from term to term until April 1845, when the death of Jones the plaintiff was suggested, and the appellant, his executor, admitted to prosecute them.   The cases were then continued until October 1853, when the garnishee Ricketts pleaded to the *sci. fas.*, payment of said judgments in

full to Evan Jones the plaintiff's testator, in his lifetime. Upon this plea issue was joined and the cases tried before a jury.

*Exception.* The garnishee to sustain the issue on his part, offered in evidence the following paper :—"March 16th 1842. Received of Thomas Ricketts thirty dollars and eighty-one cents, in full, of two attachments that were issued against said Ricketts, on account of a claim I had against the Elkton Bank, and is a receipt in full. *Evan Jones* ;"—and proved the signature thereto, and that the sum of money therein mentioned was paid by the garnishee to the plaintiff's testator.

The plaintiff on his part proved by his attorney, that shortly before the date of this receipt, witness ascertained by search of the records, that these judgments had been entered against said garnishee who was able to pay them ; that witness told said garnishee thereof, and wrote a letter to the plaintiff's testator informing him of their existence, and gave the same to the garnishee to be delivered to said testator, the garnishee being about to call upon him to make some arrangement of the judgments ; that witness delivered this letter to the garnishee at his solicitation, and upon his promise to give the same to said testator before he made any settlement with him. Evidence was also offered that the garnishee called upon said testator, and offered to give him $30 in full of the attachments issued upon these judgments, which the latter received, saying it was money he never expected to get, and executed the receipt above stated. It was further proved that the garnishee withheld the letter above mentioned, and did not deliver the same until after the execution of the receipt, and upon its delivery, immediately thereafter, the testator said to the garnishee, "You ought to have delivered that letter sooner," but having read it, he expressed to the garnishee his entire satisfaction with the said payment, and after the departure of the garnishee, repeated to the witness his full satisfaction with the arrangement, and said he was well pleased therewith. It was also proved by said attorney, that when he wrote said letter and at the time the garnishee was about to call upon said tes-

tator, the garnishee told witness that he owed the Elkton Bank about $30 or $31 only, and had always been ready and willing to pay it, and would have paid it long before if he had known to whom to pay it; that witness told the garnishee he ought to be willing to pay the principal and interest without costs, which the latter said he would do, and it was a settlement upon this basis, that witness in his said letter advised the said testator to make. It was further proved that at the time this $30 was paid and the receipt executed, the garnishee was abundantly able to pay the full amount of said judgments. The plaintiff then asked the following instruction to the jury.

That the reception by the plaintiff's testator, of the sum mentioned in said receipt, and the execution of said paper, the same not being under seal, is no bar to the recovery of the residue of the amount then due on said judgments, if the jury find that at the time of executing said receipt, there was a greater sum due thereon than is mentioned in said receipt, although they may find that said receipt was executed by the plaintiff's testator, and he knowingly agreed to receive the sum then paid, and did receive it, and give said receipt in full satisfaction, by way of compromise of the judgments then held by him against said garnishee.

This prayer the court (CONSTABLE, J.,) refused to grant, and to this ruling the plaintiff excepted, and the verdict and judgment being in favor of the garnishee, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Henry W. Archer* for the appellant, after stating the facts of the case, said that the conduct of the defendant in obtaining possession of the letter written by the plaintiff's attorney, and withholding it from the plaintiff's testator, until he had obtained a receipt in full upon payment of part only of the debt, was a manifest and glaring fraud.

But apart from the fraud, we contend, that upon the issue

joined, the receipt was only evidence of payment *pro tanto*, and that the court erred in refusing to give the instruction prayed for, which was in substance, that if the jury believed that the amount paid by defendant was less than the amount due upon the judgments, the plaintiff was entitled to recover the residue. There was no release pleaded or proven, there was no plea of accord and satisfaction, even if such plea would have been sufficient. The judgments upon the attachments had been rendered and there was nothing left to compromise; and the agreement to accept a part in full satisfaction of the whole debt, even if obtained fairly and without fraud, was invalid in law for want of a sufficient consideration.

The only question presented by the record is, whether, upon a plea of payment, a receipt in full, not under seal, given upon payment of part of a debt will bar the recovery of the residue? The law upon this point is too well settled to admit of argument, and the appellant respectfully submits the case to the judgment of the court, referring only to the case of *Geiser vs. Kershner,* 4 *G. & J.,* 305, and the cases there cited.

*John C. Groome* and *Alexander Evans* for the appellee.

The principles laid down in *Geiser vs. Kershner,* 4 *G. & J.,* 305, and *Hardey, et al., vs. Coe, use of Brooke,* 5 *Gill,* 190, are not denied; it is sufficient to say, that these cases and those upon which they are founded differ from the one now under consideration :

For, 1st. In this case it is contended, that Ricketts did, in fact, pay in full. He was not responsible beyond the sum due by him to the bank, and having paid that in full, there was no foundation in evidence for the assumption and belief which the jury were required to make, that the payment was only partial. Nothing is more common, after payment in part, than a subsequent receipt in full for a sum, which, though less in amount, than the whole, will, with the previous payment, be complete. *Prima facie* the payment was a full payment, and it was error to require the jury to assume, without evidence, that part only

had been paid, and then to make this assumption the ground of the prayer. Ricketts might have paid part previously to the payment of the $30.81; and the jury ought to infer from said receipt in full that the whole sum has been paid, unless the presumption be repelled by other evidence. "A part of the money due . . . . . might have been paid before, and such an acknowledgment, [*i. e.* of part payment in full,] upon receipt of a sum smaller than the amount, . . . . . was good evidence on the plea of payment." *Per Marshall, C. J.,* in *Henderson vs. Moore,* 5 *Cranch,* 11. Excluding costs and interest, Ricketts actually paid eighty-one cents more than Jones' claim, and the prayer was erroneous which assumed the contrary; a fact not only not in evidence, but contrary to the evidence. The submission to the jury whether a garnishee was responsible for costs and interest, by which alone the amount could be made to exceed $30, was an invasion of the rights of the court by giving to the jury a question of law, and a prayer erroneous in such respect was properly rejected.

2nd. The principle upon which a party giving a receipt in full, who has not received the complete amount, is permitted to recover the balance, and thus to violate his own express or implied agreement, is, that there is no consideration for the abandonment of the residue, and that therefore the agreement is *"nudum pactum;"* but wherever there is a consideration for the relinquishment of the balance, however slight that consideration may be, it will unite itself with the payment in part, so as with it to make a complete payment of the whole, and upon this distinction may all the cases be reconciled; it is recognized in *Fitch vs. Sutton,* 5 *East.,* 231, and in *Geiser vs. Kershner,* 4 *G. & J.,* 309, 310; so in *Kellogg vs. Richards,* 14 *Wend.,* 116, where the acceptance of the promissory note of a third party for a less sum was held to be a good accord and satisfaction. In *Brooks vs. White,* 2 *Metcalf,* 283, the same point is decided. The rule laid down in *Hardey vs. Coe* establishes only, that "the simple payment and acceptance of a less sum of money in satisfaction of a greater sum due," without other consideration, will not of itself work a discharge. *Geiser vs. Kershner* was in fact an attempt to set up an accord without

satisfaction, for it was not pretended that the order there spoken of was ever paid. But in this case, the facts that the garnishee made a journey to the plaintiff, carrying a letter of his counsel, and paying him money, which, in presumption of law, was paid, the judgments being then of eleven years standing, distinguish it widely from those where the money was due and payable and where no such consideration of trouble to the payer and convenience to the payee existed. The consideration of the journey, of its convenience and benefit to Jones and of its inconvenience and trouble to Ricketts, united with the payment of $30.81, the whole amount due by Ricketts to the bank, are a sufficient discharge of the whole claim, even if the same were found to exceed the $30.81. Conferring a benefit *to a third person* at the debtor's request, is a sufficient additional consideration. *Skin.*, 391; see also *Co. Litt.*, 212, *b.*

3rd. It is decided in *Palmerton vs. Huxton, 4 Denio*, 166, "that where a plaintiff receives forty dollars and gives a receipt in full for a claim disputed in good faith by the defendant for eighty dollars, this is a binding accord and satisfaction." It is submitted, that it would be good as a payment of a claim either unliquidated or made uncertain in amount to the parties by an honest difference of opinion with regard to it, although a subsequent and deliberate judicial investigation might disclose that more could have been recovered. Such a case is a fair subject of "*compromise;*" and it is respectfully urged, that such a compromise cannot be set aside by a subsequent discovery that more might have been legally demanded; the principles of *Geiser vs. Kershner* do not apply to such a case. It is true, that in *Hardey vs. Coe*, the payment was stated to have been by way of compromise and agreement, but those words were accompanied with the express acknowledgment, "that the said sum was not in fact the whole amount due on the said judgment;" this acknowledgment runs through the whole case; and it was not one for a "*compromise,*" it was altogether one-sided. Here, however, Ricketts and Jones might well differ about the real amount due, particularly as to the interest; there was no admission of a greater amount due, but, on the contrary, $30.81 was fixed as all that remained to

15    v. 7

be paid, and therefore *"payment"* was well pleaded, although the parties may have compromised, provided there was no admission nor belief of greater indebtedness on the part of Ricketts.

4th. In this case the law presumed the attachments to have been satisfied. 3 *Bl. Com.*, 421. *Act of* 1823, *ch.* 194. Not only three but eleven years had elapsed; Jones could not make his judgment effectual without renewal by *scire facias*, and it is submitted, that even if more than $30.81 were due, the benefit of immediate payment, and the voluntary removal of the "presumption," were sufficient considerations to unite with the payment of the $30.81, and constitute a full discharge. *Brooks vs. White*, 2 *Met.*, 283. *Goodnow vs. Smith*, 18 *Pick.*, 414.

5th. The case of *Johnston vs. Brannan*, 5 *Johns.*, 268, is in all repects like the one now under discussion. The court there held an agreement good which did not include the costs nor the whole of the interest under the plea of *"payment."* *Tillotson vs. Preston*, 3 *Johns.*, 229, also settles the question, that payment of the principal, without either interest or costs, is sufficient. The plea there was *"payment."* The case before us cannot be distinguished from these.

6th. It is decided in *Dixon vs. Parkes*, 1 *Esp.*, 110, *per* Lord Kenyon, that when the *"principal"* is paid, *"interest,"* which is given in the form of *damages*, cannot be recovered. The "interest" is founded upon the "principal," and springs out of it, and when the principal is gone, "every thing founded on it is gone too." "If the plaintiff meant to have demanded further damages, he ought to have received the principal." So in the case of *Tillotson vs. Preston*, the court say: "If the plaintiff has accepted the principal, he cannot afterwards bring an action for the interest." "Interest" is merely damages, and may be abandoned or relinquished without any violation of the rule under discussion; it is in fact no part of the debt, but only damages for the withholding of the debt; and as the rule is, "that the payment of a less sum of money than the whole *debt*, without a release, is no satisfaction," the interest being no part of the *debt*, is not within the rule. Moreover, as

the rule is "technical," courts will not strain it beyond its precise import. As for the costs, they clearly are no part of the *debt,* but something entirely collateral. *Johnson vs. Brannan* is decisive as to them. Upon this view also it would clearly appear, that the evidence was of a payment in full, and more, and that it was error to assume the contrary without proof. The debt was $30, and Ricketts paid $30.81.

7th. Whatever may be the case with regard to an action of debt on judgment or execution on the same, by which, doubtless, interest may be recovered, it has nevertheless been determined, that "*scire facias*" is a remedy only for the amount of the judgment, exclusive of interest. See *Hall vs. Hall,* 8 *Verm.,* 156. *Allen vs. Adams,* 15 *Do.,* 16.

8th. The rule, that the principal being paid discharges the interest, is not more technical than the rule which permits the creditor to violate his most solemn agreement in a receipt in full, and is more equitable, the court therefore will not discard it for the sake of the other.

9th. As to the question of fraud. Although it appears that the appellee did actually pay the money to the appellant's testator, and took his receipt in full before he delivered the letter, yet it is evident that the letter contained nothing which the testator must not have known and was not presumed to know, viz., that he held judgments against the appellee, which must have been the substance of the alleged withheld letter and all the real information it could have contained ; neither is there anything in the record to show that the testator was not perfectly acquainted with the existence of the judgments extrinsic of any letter ; what alteration then could the letter have made if it never had been delivered ? Besides, it appears that when afterwards the appellee did deliver the letter, he made no complaint, but expressed his entire satisfaction with the settlement he had made, which he repeated, even after the departure of the appellee, manifesting much pleasure at the payment of what he had received. So that there is nothing in the charge of fraud that can excuse the appellant for the moral wrong he would perpetrate upon the appellee. The appellee had clearly

a right to make a settlement free from any real or imagined bias, and it was sufficient that he gave the appellant's testator a *locus penitentiæ*, with regard to the settlement before his departure, by waiting till full perusal was made of the letter, and entire satisfaction with the payment was expressed.

Is not the fraud, if any exist, on the part of the appellant, who attempts to make the appellee pay money for another, which he never owed, costs for which he never was liable, and interest which could only arise from the appellant's own delays, and by a violation, (after seeing the letter and assenting to it,) of his own solemn, moral and legal contract, as expressed by the receipt in full?

Tuck, J., delivered the opinion of this court.

As these cases were tried together in the court below on evidence applicable to both the judgments on which the writs of *sci. fa.* were issued, they will be disposed of in like manner here.

Considering the small amounts involved, and the fact that they may be consumed by the expenses of the litigation, we were disposed, if we could, to have agreed with the ruling of the court below. But a careful consideration of the record, in connection with the arguments of the counsel, has brought us to the conclusion, that the judgments cannot be affirmed without disregarding the express decisions of the Court of Appeals.

There is really no difference between this case and those of *Geiser vs. Kershner*, 4 *G. & J.*, 305, and *Hardy vs. Coe, use of Brooke*, 5 *Gill*, 189, where the rule is laid down as well settled, "that the payment of a less sum of money than the whole debt, without a release, is no satisfaction of the plaintiff's claim;" a doctrine fully sustained by the decisions referred to in the first of these cases.

It is supposed that the present may be distinguished from the case of *Hardy vs. Coe*, by the admission there, that the payment made was not the whole amount due on the judgment. The proof here is legally sufficient, as tending to show that the appellee never did pay more than the amount mentioned in the receipt, and that very question is left to the jury

by the terms of the prayer. If they had believed from the evidence that the sum mentioned in the receipt was all that was then due, they were authorised to have found for the defendant, notwithstanding the instruction. The prayer is made to depend, in part, on the fact, that the receipt was only a partial payment.

The alleged consideration for this payment, arising from the fact that the defendant had gone to the plaintiff, at a distance, to make the settlement, cannot avail. It is the duty of a debtor to seek his creditor for such purpose. Besides, conceding that his agreement to take a letter to the plaintiff was part of that consideration, he should have complied with his undertaking by a prompt delivery.

When the law ascribes to one instrument a conclusive, and to another a *prima facie* character, we must presume that parties using either intend it to operate according to its legal effect. A release will discharge a debt when a receipt will not. Persons may settle in good faith, under an impression that the amount paid is all that is due. But it sometimes happens that mistakes occur, and, to enable parties to correct them, the law has declared that mere receipts are not conclusive.

According to some of the cases referred to, this payment may have been binding as a final settlement of the judgments, but the law is plainly settled the other way in this State.

*Judgment reversed with a procedendo.*