## STRAUSS BROS. *v.* DENTON.[*]

(Division B.   Dec. 14, 1925.)

[106 So. 257.   No. 25299.]

ESTOPPEL. *Held to arise from silence of one when notified of receipt of his guaranty of future account, knowing it to be forgery.*

Defendant, receiving notice from plaintiff of receipt and acceptance of his guaranty of future account of another, and knowing such guaranty to be a forgery, was under duty to speak the truth, and so is estopped by his silence to deny genuineness of guaranty after it has been acted on.

---

[*]Headnote 1.   Estoppel, 21 C. J., Section 154; Estoppel by Silence in case of duty to speak, see 10 R. C. L., p. 692 et seq. 2 R. C. L. Supp., p. 1041; 4 R. C. L. Supp., p. 672; 5 R. C. L. Supp., p. 563.

APPEAL from circuit court of Tallahatchie county, Second District.

HON. GREEK L. RICE, Judge.

Action by Strauss Bros. against C. Denton. Judgment for defendant, and plaintiff appeals. Reversed and judgment rendered.

*Ward & Ward,* for appellant.

C. Denton is estopped to deny that he executed the guaranties because of his silence which caused appellants to sell the merchandise sued for to Purnell, believing the guaranties genuine. We think the facts show an estoppel *in pais* and the principles of estoppel *in pais* apply to this case.

Estoppel by conduct arises from an act or declaration of a person intended or calculated to mislead another, on which that other has relied and has so acted or refrained from action as that injury will befall him if the truth of the act or declaration is denied. *Staton* v. *Bryant,* 55 Miss. 272; *Tobin* v. *Allen,* 53 Miss. 562.

The principle on which the doctrine of estoppel rests is that it would be a fraud for one to assert what his previous conduct has denied, when on the faith of that denial others have acted. *Staton* v. *Bryant,* 55 Midd. 261.

This estoppel arises when one by his acts, representations or admissions, or silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief so that he will be prejudiced if the former is permitted to deny the existence of such facts. 21 C. J., page 113, sec. 116; 11 Am. & Enc. of Law, page 421.

Whenever one of two innocent persons must suffer by the acts of a third person, he who has enabled such third person to occasion the loss must sustain the loss. 21 C. J., page 1170, sec. 176.

*J. J. Breland,* for appellee.

The appellant contends that the appellee is liable on the grounds of estoppel and cites a number of authorities in support of its contention. We have examined the authorities cited by the attorneys for the appellant in their brief and, in our opinion, the authorities are not in point and do not support the appellant's contention.

The record shows affirmatively that the appellee was not the agent of the appellant in any sense of the word and was under no duty to appellant by contract or otherwise. The record does show, and it is admitted by the appellant, that the wrong done the appellant was brought about through the instrumentality of the crime of forgery.

It is our contention that the most that could be claimed by the appellant is that the appellee is estopped by his silence, or his failure on receipt of the two letters received by him from the appellant to reply to these letters and inform the appellant that he had not signed the letters of guaranty. We think, however, by the overwhelming weight of authority, that the principle of estoppel is not

applicable to the case at bar even because of the silence of the appellee.

The rule, by many authorities, is stated as follows: "As a general rule, an estoppel may arise from silence as well as words, but this only where there is a duty to speak." See 11 A. & E. Law, Second Edition, page 427, par. F., citing *Kelly* v. *Wagner,* 61 Miss. 299; also 11 A. & E. Enc. L. Second. Ed., page 432; 11 R. C. L., page 692, par. 21. Many authorities are cited under Note 7 in support of this rule of law.

Under the holding of the above authorities, before the appellee can be held to be estopped by his silence, the record must affirmatively show that the appellee was under a duty to the appellant to speak. As a matter of fact, the record in this case affirmatively shows that the appellee was under no duty whatever to the appellant. The record does not show that the appellee ever read the letters admitted to have been received by him, nor does the record show that, even if he read the letters, he knew Garfield Purneal, for whose benefit the signature of the appellee was forged to the written guaranty.

This is simply a case where the appellant, because of its own negligence and its failure to look after its own business properly, and where, through criminal acts of another, the wrong was done to the appellant, if any wrong or injury was suffered by the appellant.

We, therefore, respectfully submit that under the facts as shown by this record this case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellant, Strauss Bros., a corporation, brought this action in the second district of the circuit court of Tallahatchie county, against appellee, C. Denton, to recover an alleged indebtedness of three hundred forty-nine dollars and forty-one cents claimed by appellant against appellee. A jury was waived by the parties, and, by agreement, the circuit judge determined the law and facts

of the case. There was a judgment for appellee that appellant recover nothing, from which judgment appellant prosecutes this appeal.

Appellant sought to recover from appellee the amount of an open account for three hundred forty-nine dollars and forty-one cents, incurred with appellant by one G. W. Purnell, which account appellant alleged that appellee had become primarily liable therefor by virtue of two separate written guaranties.

The agreed facts upon which the case was tried were evidenced by a stipulation in writing between the parties as follows:

"It is agreed by the attorneys for the plaintiff and for defendant C. Denton that this cause be submitted for trial on the following agreed statement of facts before the judge; jury being hereby waived:

"It is agreed that some time before the 3d day of January, 1923, the defendant G. W. Purnell applied to the plaintiff, Strauss Bros., for a line of credit, and that plaintiff was unwilling to extend the credit desired unless he would first secure a written guaranty of some responsible person to become liable therefor when said Purnell submitted to plaintiff the name of C. Denton, the other defendant herein, and plaintiff then agreed to extend the credit to the amount of two hundred fifty dollars upon the execution of a written guaranty signed by C. Denton, and so notified the defendant G. W. Purnell, and in response to their letter so notifying him, G. W. Purnell sent to plaintiff a purported written guaranty, a copy of which is made Exhibit A to the declaration herein; that on receipt of this supposed written guaranty with name C. Denton attached to it, and before any credit was given to G. W. Purnell, plaintiff wrote a letter to said C. Denton, a copy of which is made Exhibit B to the declaration, and posted said letter directed to C. Denton, Sumner, Miss., and registered said letter. That afterwards in May, 1923, the defendant G. W. Purnell, having exhausted his credit under the aforesaid supposed guaranty, applied to plain-

tiff for further credit and offered to furnish plaintiff a written guaranty signed by said C. Denton, defendant, and in pursuance of said offer delivered to plaintiff a supposed guaranty having the supposed signature of said C. Denton, a copy of which is made Exhibit C. to the declaration herein, whereupon plaintiff accepted said supposed guaranty, and on June 3, 1923, plaintiff wrote a letter to C. Denton, a copy of which letter is made Exhibit D to the declaration herein; that plaintiff accepted the aforesaid purported guaranties in good faith, believing they were executed and delivered by said C. Denton, and, acting on that belief, sold to said G. W. Purnell goods, wares, and merchandise to the amount of three hundred forty-nine dollars and forty-one cents, the amount sued for.

"It is further agreed that the two letters, Exhibits B and D, were mailed to C. Denton, properly addressed and registered, and that C. Denton received both of said letters and did not notify plaintiff in any way that the guaranties mentioned in said letters were not genuine as far as his name signed thereto was concerned and in no way answered said letters.

"It is further agreed that, in fact, said C. Denton did not sign either of said guaranties or authorize the signature of same by him, and that he, said C. Denton, had no knowledge that any such guaranties had been executed and sent to plaintiff other than that contained in the two letters made Exhibits B and D to plaintiff's declaration."

The letters referred to in the statement of facts from appellant to appellee, one dated February 6, 1923, and the other June 23, 1923, leaving off all except the body of the letters, were in the following language:

"Dear Sir: We have the pleasure to acknowledge the receipt of your agreement dated at Sumner, Miss., January 3, 1923, to guarantee purchases made from us on open account by Mr. G. W. Purnell, of Sumner, Miss., to an amount not exceeding two hundred and fifty dollars ($250).

"We accept this guaranty and on the strength of it will not hesitate to open an account with Mr. Purnell filling his orders from time to time on open account for shipment according to his instructions for your responsibility within the limit of the guaranty, and will continue doing so until notice of revocation is received by us from you by registered mail, as agreed.

"Should you at any time desire to be informed of the status of the account, we will be glad to advise you upon receipt.

"Thanking you for your courtesy in the matter."

"Dear Sir: This letter will acknowledge receipt of your guaranty of account, amount four hundred fifty dollars covering account of G. W. Purnell, Sumner, Miss.

"On strength of this guaranty, we will continue to grant credit accommodations to Mr. Purnell without question up to four hundred fifty dollars instead of two hundred fifty dollars, the amount of the former guaranty which you signed."

The case, therefore, in brief is this: On the faith alone of the genuineness of the written guaranties involved, presented to appellant by Purnell, purporting to have been signed by appellee, appellant opened the account with Purnell, and thereafter from time to time sold him the amounts aggregating the sum sued for; and before the account was opened appellant, as a precaution against loss, wrote the letters, above copied, to appellee, who received them, and to which he made no reply. When he received the letters, and before the indebtedness was incurred, appellee knew that the papers purporting to be written guaranties signed by him were in fact forgeries. He knew that the credit would never have been extended except for appellant's belief that he had signed the guaranties. In other words, appellee knew that Purnell, by virtue of these forged guaranties, was obtaining goods from appellant, and that the latter was looking to appellee to pay for the same if Purnell did not. With that knowledge appellee made no response to appellant's letters.

The question is whether or not under those facts and circumstances appellee was estopped to deny that the guaranties were executed by him. Was he estopped by his silence? As a rule, mere silence will not work an estoppel, but it may operate as such against a party where the circumstances are such as to make it his duty to speak and there is an opportunity to speak, and where he has knowledge of the facts, including the fact that the adverse party is ignorant of the truth and will be misled in doing that which he would not do but for such silence. Estoppel may arise from silence as well as from words and actions. Silence, where it amounts to a misrepresentation or concealment of the true facts, may raise an estoppel. When silence is of such character and exists under such circumstances as to become a fraud upon the other party to permit the party who has kept silent to deny that which his silence has induced the other party to believe and act upon, it will operate as an estoppel. 21 C. J., section 154, pages 1150, 1151, 1152, and cases in notes; *Staton* v. *Bryant,* 55 Miss. 261; *Tobin* v. *Allen,* 53 Miss. 563. In the Staton-Bryant case, in discussing this question, the court said, in part:

"The principle on which the doctrine of estoppel by conduct rests is that it would be a fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others have acted. When silence becomes a fraud, it will operate as an estoppel."

Neither the Staton-Bryant case nor the Tobin-Allen case is directly in point here on its facts, but the principle of estoppel by silence is recognized in both and applied in the former.

Here we have Purnell committing not only a fraud, but a criminal fraud by means of which the indebtedness to appellant was incurred, and all with the full knowledge of appellee. We are of the opinion that the facts of this case meet every requirement of the law as to what it takes to constitute estoppel by silence. The appellee was called on to speak from the standpoint of his duty to the public,

as well as from a view of his obligations to his fellow man. He knew a crime was being committed that should have caused him to let the truth be known. In addition, he knew his fellow man would suffer by commission of such crime. It was in appellee's power and his power alone to stop the perpetration of the fraud in his name. We hold that appellee, having failed to speak the truth when he should have spoken, will not now be permitted to speak it to the damage of appellant.

Reversed, and judgment for appellant.

*Reversed.*