## GARDNER B. NELSON *v.* CHESAPEAKE CONSTRUCTION COMPANY.
### [No. 8, January Term, 1930.]

*Decided March 14th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John Holt Richardson,* with whom.was *Robert E. Carney* on the brief, for the appellant.

*Duncan K. Brent,* with whom were *David G. McIntosh, Jr.,* and *McIntosh & Thrift,* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question here is whether the validity of a release under seal, pleaded in a suit at law on the liability alleged to have been released, can be attacked on the ground of deceit, misrepresentation, and fraud. The defendant pleading the release refers to the rule that a court of law could consider only an attack on the *factum* or the execution of a sealed instrument on the ground of fraud, while an attack on antecedent fraud, in the inducement, or in deceit and misrepresentations, could be made only in equity. And the trial court held that the replication in which the question of validity was raised was demurrable. This court has reached a contrary conclusion.

The suit was one for work and labor, and the defendant pleaded general issue pleas, and the release under seal, exhibiting the alleged release. Issue was joined on the general issue pleas, and to the plea of release the plaintiff replied that "the alleged deed of release was procured by the deceit,

misrepresentation and fraud of the defendant, its agent, servants and employees in the premises." The plaintiff submitted to a judgment on the sustaining of a demurrer to his replication, and filed this appeal from the judgment. As the plea of release was in bar of the whole claim, the entry of judgment on the demurrer notwithstanding the issues joined on other pleas, seems to have been proper practice. *Boehm v. Baltimore,* 61 Md. 259, 265. The judgment entered against the plaintiff, however, was a judgment for the defendant, and the proper form would be a judgment of *non pros.* There was error in the judgment as entered. ✓ . . .

[The distinction between the jurisdiction of equity and that of law to entertain attacks on sealed contracts for fraud is a familiar one in this state, and is found drawn in many decisions of this court. *Key v. Knott,* 9 G. & J. 342; *Newcomer v. Kline,* 11 G. & J. 457, 470; *Lucas v. Byrne,* 35 Md. 485, 496; *Keedy v. Moats,* 72 Md. 325, 329. The usual explanation of it is thus stated in *Bigelow on Fraud* (1st Ed.) 326: "At common law it has generally been held incompetent to a defendant sued at law on a specialty to plead that the instrument was obtained by false representations. Such defense must be made in equity. But it is otherwise of the execution of the instrument, as where the bond is misread to the obligor, or where his signature is obtained to an instrument which he did not intend to sign. In such cases, fraud may be alleged at law. The ground of this rule seems to be, that to admit evidence of fraud not relating to the execution of the deed would be to allow the obligor to disprove the presumption of consideration; which presumption in the case of a specialty is an absolute one, not to be rebutted." And in many, perhaps most, of the courts of this country which retain the distinction between law and equity jurisdictions, including the federal courts, this rule is held to prevent attacks at law on sealed releases for fraud in the consideration, or in any element not comprehended within the *factum* or execution. *Hartshorne v. Day,* 19 How. 211, 222; *Pringle v. Storrow,* 9 Fed. (2d.) 465. In those courts relief from releases is to be had on that ground only by resort to a separate proceeding

for it in equity. But the rule is not in all jurisdictions so applied to attacks on releases, even where resort to equity is required to attack an ordinary contract under seal for fraud in the consideration or inducement. *Comstock v. Livingston,* 210 Mass. 581; *Olston v. Water Power Co.,* 52 Oreg. 343, 350; *Haigh v. Whiteway Laundry Co.,* 164 Iowa, 143, 147; *Clark v. Northern Pac. Ry. Co.,* 36 N. Dak. 503; *Quapaw Mining Co. v. Cogburn,* 78 Okla. 227. And compare *Colonial Development Corp. v. Bragdon,* 219 Mass. 170, and *Buller v. Prussian,* 252 Mass. 265. And within the knowledge of the judges of this court it has been the custom in the trial courts of Maryland to take up in a suit at law on a given liability any attack upon a release of that liability for fraud, without discrimination as to the place of the fraud in the dealings of the parties, whether in the execution or in the consideration. Division of the litigation and resort to the two jurisdictions has not been required.

We find no decision of this court definitely settling the practice, and must treat the question as a new one here. See *Spilze v. Balto. & O. R. Co.,* 75 Md. 162; *Conner v. Groh,* 90 Md. 674; *Balto. Pearl Hominy Co. v. Linthicum,* 112 Md. 27; *Clark v. Southern Can Co.,* 116 Md. 85; *Nydegger v. Gitt,* 125 Md. 572; *McGrath v. Peterson,* 127 Md. 412; *Hammond v. N. Y. P. & N. R. Co.,* 128 Md. 442; *Councill v. Sun Ins. Office,* 146 Md. 137. In the case of *Spitze v. Balto. & O. R. Co.,* which is cited as sustaining a broad plea of fraud similar to that at bar, the attack appears to have been based upon fraud in the execution of the release, and the case affords no aid, therefore, on the question of pleading fraud in other respects. It is argued that the provision in the Code,, art. 75, sec. 28, subsec. 66, of a form of replication to a plea of release, "that the alleged release was procured by the fraud of the defendant," has extended the right to plead fraud in any respect to releases under seal, but there is nothing in this provision of a mere form to indicate an intention to enlarge or change the jurisdiction of the court; and it is unlikely that such a change would be left to implication from the provision of a form. There was in fact noth-

ing new in the provision. Substantially that form of replication was in use long before. 2 *Chitty, Pleading,* 604; 2 *Evans' Harris, Entries,* 164. And this seems to be a mere embodiment of existing practice, with some simplification.

The replication filed in the present case is fuller than that provided in the Code. And the objection to it is that by adding charges of misrepresentation and deceit it either transgresses the limits of fraud in the *factum* or execution, or, at least, fails to restrict the attack to such fraud. If the distinction between fraud in the one respect and the other should be necessary, it might be that particulars of the plea should first be obtained before a demurrer should be filed on the broader interpretation of the allegations. But we find no distinction is necessary in respect to attacks on releases in Maryland, and there would, therefore, be no object in requiring the particulars. It is to be observed that the statutes permitting equitable defenses at law to be pleaded by defendants (Code, art. 75, secs. 91 to 93) do not affect the distinction between jurisdictions with respect to replications by plaintiffs.

The question seems to be, finally, whether the existing practice at law with respect to attacks on releases on the ground of fraud in the consideration or inducement shall be held erroneous and stopped for the sake of logical conformity with the general rule or restriction applied in suits on other sealed instruments. Shall we insist that a release is a contract, and that because it is established generally that contracts under seal cannot (apart from the statutes permitting equitable defenses) be impeached at law for fraud in the consideration, sealed releases cannot, in suits on the liabilities alleged to have been released, be impeached for such fraud? The present practice works satisfactorily. There would be no practical advantage, but, on the contrary, a disadvantage, in changing it; for, given the necessity of resorting to law on the issue of original liability, denial of a right to impeach a release pleaded to it would, as has been said, necessitate separate proceedings, in separate courts, for settlement of parts of a controversy which can be settled in one proceeding.

It is true that a multiplication of issues to be tried in a law suit may be a disadvantage, but it is not always a bar, and is not a sufficient objection in this instance. An issue of fraud in the consideration or inducement would not complicate a law suit any more than would an issue of fraud in the execution; and no insuperable difficulty has been found in trying issues of the latter kind at law. And as for logical conformity to the distinction applied to defenses to sealed contracts generally on the ground of fraud, that distinction itself, if the usual explanations of it are correct, originated in an error, that is to say, in taking as literally true the expression that consideration is conclusively presumed from the presence of a seal. It has been made clear that the force and effect of a seal long antedate the idea of consideration for contracts, and have nothing to do with that idea, and that the seal in truth has always dispensed with consideration. *Brantly, Contracts,* 126; *Ames, Specialty Contracts and Equitable Defenses,* 9 Harvard Law Review, 49. In the second edition of *Bigelow on Fraud,* vol. 1, p. 53, the author added to what has been quoted from his first edition, "This ground of distinction however is not well taken. In the first place it would be equally true in equity that to permit the allegation might be to permit a question of the consideration; and this does not appear to be a case for any different rule in equity from that at law. But in the next place, and as a matter of greater weight, the better view, brought out by more recent investigation into the history of contract, is not that a consideration is conclusively presumed in the case of a specialty, but that no consideration is or ever was required to support such a contract. The result is that to allow evidence at law of fraudulent representations is not in conflict with any rule in regard to consideration, whatever other rule it may effect." And this fact tends to minimize the force of any demand for conformity. See the remarks of Magruder, J., in *Kettlewell v. Stewart,* 8 Gill, 472, 504, 511.

*Judgment reversed and case remanded, with costs to the appellant.*

PARKE, J., filed the following separate opinion: °

Issues had been joined on the general issue pleas, so, upon the plaintiff's refusal to plead further when the court sustained the demurrer to plaintiff's replication to the defendant's plea of release, the judgment should have been one of *non pros.*, and the writer concurs with the reversal for this reason, but does not agree with the view of the majority as to the character of the defense permitted on issues joined on plaintiff's replication. 2 *Poe, Pl. & Pr.*, secs. 360, n. 23, pp. 348, 362; *Marsh v. Johns,* 49 Md. 569.

The replication given in the Code is that the alleged release was procured by the fraud of the defendant, while that filed in the instant case alleges that it was procured by misrepresentation, deceit, and fraud. Code, art. 75, sec. 28 (66). Fraud is a generic term and in its broadest sense includes both misrepresentation and deceit, so, as the Code permits the defense to be presented by the mere allegation of fraud, it would seem that the addition of the particular terms "misrepresentation" and "deceit" would not enlarge or lessen the meaning of the general term "fraud" nor increase the indefiniteness of the pleading, which, therefore, could be sustained provided the deceit or misrepresentation is confined, as any other form of fraud, to the procurement of the release. 1 *Poe,, Pl. & Pr.*, secs. 198-201; 1 *Chitty's Pleading,* 564, 608.

The effect of the plea of release confesses the obligation or duty of the defendant, and its breach, and thereby admits an apparent right of action in the plaintiff, but avoids the legal effect of the admission by alleging a release. The replication, similarly, acknowledges the execution of the release, which would end the action, but avoids this effect by setting up a fraud in the procurement of the release. 1 *Poe, Pl. & Pr.*, secs. 650, 653. In the language of Mr. Poe, "The release referred to is, of course, a technical release under seal, and none other will be admissible. Unless impeached for fraud or duress or traversed as not genuine, the defense will be complete; and the plaintiff will not be heard to allege or

allowed to prove that it was without sufficient consideration or that the amount paid was, in reality, not all that was due." 1 *Poe, Pl. & Pr.*, secs. 650, 653; *Jones v. Ricketts,* 7 Md. 108; *State v. Gott,* 44 Md. 341, 346-348; *Ingersoll v. Martin,* 58 Md. 67, 74; *Spitze v. Balto. & O. R. Co.,* 75 Md. 162; *Visitors etc. St. Johns College v. Purnell,* 23 Md. 629, 640; *Commercial etc. Bank v. McCormick,* 97 Md. 703, 707-709; *Hammond v. New York, P. & N. R. Co.,* 128 Md. 447.

The reason for this is that in Maryland the two separate systems of law and equity jurisprudence prevail, despite the introduction in a carefully restricted way of pleas by way of equitable defense, and it is only when fraud is practiced in the execution of the instrument that a release tainted by fraud can be set aside and declared void in a court of law. If, therefore, the document is misread to the releasor, or there is a surreptitious substitution of one paper for another, or by any artifice the releasor is deceived into signing an instrument which he did not intend to execute, or is victimized by reason of his mental or physical condition, a court of law will take cognizance in all such cases of the fraud, on the ground that the legal existence of the release is in question. *Ryan & McDonald v. Gross,* 68 Md. 377, 381; *Spitze v. Balto. & O. R. Co.,* 75 Md. 162, 170-171; *Moore v. Putts,* 110 Md. 490; *Hammond v. New York, P. & N. R. Co.,* 128 Md. 446; *McGrath v. Peterson,* 127 Md. 412, 416-418; *Councill v. Sun Ins. Office,* 146 Md. 137, 149-151.

On the other hand, if the releasor knows the character of the instrument he signs, and intends when he delivers it that it shall have effect according to its terms and legal import, but there is fraud in the representations used to induce him to the relinquishment of his claim or an insufficient or inadequate consideration, the release is valid at law and relief from its operation must be sought in a court of equity. *Supra;* *George v. Tate,* 102 U. S. 564; *Hartshorn v. Day,* 19 How. (U. S.), 211.

The effect of the majority view in the instant case is to make the defense of fraud to a release as broad and extensive

at law as in equity, and thus to compel a court of law to abandon its relevant precedents and principles for those of a court of equity. By reason of statute and the abolition of all distinction between proceedings at law and in equity, the courts of many jurisdictions have held a release by deed to be open to every defense available either upon legal or equitable principles. These rulings should leave us unmoved and, so long as our own jurisprudence retain its distinguishing characteristics, it should be administered in conformity with its own precedents.