## WARE RUBBER CO. v. SEWELL.

No. 28793. May 31, 1939.

Rehearing Denied June 20, 1939.

S. Austin Wier and Robinson & Oden, for plaintiff in error.

Clayton Carder, for defendant in error.

BAYLESS, C. J. Ware Rubber Company, a corporation, sued L. N. Sewell, as guarantor of an account, in the district court of Kiowa county, Okla., and appeals from the judgment of that court sustaining a demurrer to its evidence.

The allegations of its petition are:

"8. Plaintiff alleges and states that on and prior to the 1st day of Sepember 1931, the defendant, Claude B. Sewell, was inducing the plaintiff to extend credit to the defendant, Claude B. Sewell, the defendant L. N. Sewell, did, on the 1st day of September, 1931, execute and deliver to the plaintiff his written letter of guaranty, which guaranteed the payment to the plaintiff of any indebtedness incurred by the defendant, Claude B. Sewell, for goods, wares and merchandise sold by the plaintiff to the defendant together with interest on the indebtedness due by said defendant, Claude B. Sewell, to the plaintiff, at the rate of 6% per annum, said letter of guaranty, however, limiting the defendant, L. N. Sewell's, liability thereon, to the sum of $2,000. Said contract of guaranty further provid-

ing that the plaintiff might extend the time of payment of all or any part of the amount owing by the said Claude B. Sewell, and that such extension should not discharge the guarantor from liability by virtue thereof. A copy of said letter of guaranty is hereto attached marked 'Exhibit H' and made a part hereof.

"9. And plaintiff alleges that in consideration of said guarantee, and in reliance upon the same, the plaintiff from time to time sold to the defendant, Claude B. Sewell, goods, wares and merchandise on a credit, and that on the 3rd day of April, 1933, the said Claude B. Sewell, was largely indebted to the plaintiff for goods, wares and merchandise sold to him in pursuance of said letter of guaranty issued by the said L. N. Sewell, and in settlement of said indebtedness and for the purpose of giving the said Claude B. Sewell further time in which to pay the same, did take from the said Claude B. Sewell all the notes herein sued upon, and plaintiff alleges that all the notes herein sued upon are for goods, wares, and merchandise sold to the said Claude B. Sewell, under said letter of guaranty issued by the said defendant, L. N. Sewell, to the plaintiff herein."

The answer of Sewell contained (1) general denial; (2) an express denial of the execution of the guaranty; (3) a plea of the statute of limitations.

The reply reads:

"1. That on or about the 1st day of September, 1931, Claude B. Sewell was engaged in business at Kilgore, Tex., and desired to obtain credit from the plaintiff, and plaintiff required as a condition precedent to extending credit to the said Claude B. Sewell that he furnish the plaintiff with a letter of guaranty signed by the defendant herein, L. N. Sewell. That in pursuance with said requirement, the said Claude B. Sewell thereupon delivered to the plaintiff the instrument which purports to bear the signature of the defendant, L. N. Sewell, and that upon receipt of said letter of guaranty purporting to be signed by the said L. N. Sewell, this plaintiff addressed a letter to the said L. N. Sewell, which is in words and figures as follows, to wit:

"September 8, 1931

"Mr. L. N. Sewell,
"Hobart, Okla.

"Dear Mr. Sewell:

"This will acknowledge receipt of your guaranty of the account of your son, Mr. Claude B. Sewell.

"We are entering into a business connection with him at Kilgore whereby we can co-operate with him in the sale of McClaren tires, and by your guaranty of his account for purchases that will be

made under this arrangement strengthens our confidence in his ability to build up his business to a point that will prove satisfactory and profitable to all concerned.

"Yours very truly,

"Ware Rubber Company

"EWW/CH    E. W. Ware

"And that said letter was deposited in the United States post office, with postage thereon prepaid, addressed to the said L. N. Sewell, at Hobart, Okla., and plaintiff alleges that said letter was received by the said L. N. Sewell, and the said defendant. L. N. Sewell, did not notify the plaintiff, or in any manner advise the plaintiff that he had not signed the said letter of guaranty, if such be the fact, and that the said defendant has since admitted to the said E. W. Ware, who wrote said letter for the plaintiff, that he duly received the same in due course of mail, and plaintiff alleges that it relied upon said guaranty and would not have sold the merchandise for which the notes were herein given and sued upon, except for and because of the guaranty so signed by the defendant, L. N. Sewell, and plaintiff says that if the said L. N. Sewell did not in fact sign said letter of guaranty, that by his silence and failure to deny that he had so signed the same entitled the plaintiff to rely upon said letter of guaranty as being in truth and in fact signed by him, and by his acts and conduct he has ratified his signature thereon and is estopped to deny that said instrument was not signed by him, if such is the case."

At the trial plaintiff introduced evidence to support the allegations of his pleadings. We may say at this point that the parties brief this case upon the assumption that Sewell's signature as guarantor was a forgery. We are adopting this assumption as the basis for our discussion although the issue is left open for determination in the future trial, if there should be one.

There is but one issue of law presented, and that is, Did the trial court err in sustaining a demurrer to the evidence? In view of the fact that the evidence reasonably tended to support the plaintiff's cause, and the effect of defendant's demurrer was to admit the truth of the evidence as well as all reasonable inferences arising therefrom, we have only to determine whether, as a matter of law, the defendant's silence estops him to say now that his signature on the guaranty was forged.

The general rule of estoppel by silence is set out and discussed in 19 Am. Jur. 661, sec. 55 et seq. It is a subject that has had the attention of this court. Heck-

man v. Davis, 56 Okla. 483, 155 P. 1170; Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329; Brusha v. Bd. of Ed., 41 Okla. 595, 139 P. 298; Bartlesville v. Holm, 40 Okla. 467, 139 P. 273, and Cities Ser. Oil Co. v. Boggs, 170 Okla. 335, 40 P.2d 638. None of these cases involved the precise issue here.

There are authorities upon this precise issue from other jurisdictions, which in turn are based upon analogous fact situations. The plaintiff cites and relies upon Strauss Bros. v. Denton, 140 Miss. 745, 106 So. 257; Heberling Co. v. Dalton, 18 La. App. 233, 138 So. 176, involving forged guaranties, and Commercial Nat. Bank v. Nacogdoches Compress & Warehouse Co. (C. C. A. 5) 133 Fed. 501, involving forged warehouse receipts pledged as collateral, and First Nat. Bank v. Wolfe, 140 Md. 479, 117 Atl. 898. In each of those cases instruments, bearing the forged signatures of responsible persons, had been tendered as the basis for credit, and in each instance the person to whom they were offered queried the guarantor or endorser as to the genuineness of his signature, or otherwise put the one whose signature was forged on notice of an intention to accept it as genuine, and the silence of the person queried was held to estop him thereafter to deny the signature. The defendant in turn relies upon Furst v. Carrico, 167 Md. 465, 175 Atl. 442, 96 A. L. R. 375, and the cases upon which it is based.

As pointed out, there is an apparent conflict in the decisions from Maryland. The case of First Nat. Bank v. Wolfe, supra, is not upon the precise issue, and in addition there were other elements present that made it a stronger case perhaps than the situation we have under consideration. The case of Furst v. Carrico, supra, differs very little from our case. There the alleged guarantor was solicited to sign as guarantor and remained silent after being notified that a guaranty bearing his signature would be acted upon. A demurrer to a plea of estoppel by silence was sustained and on appeal this ruling was affirmed.

We are of the opinion that the cases cited by plaintiff represent the better rule, and should be followed in this state. The prime difference between this fact situation and that in Furst v. Carrico, supra, lies in the imperative duty to speak.

We have held that the "imperative duty to speak" has been present in an instance where, to the wife's knowledge, the family homestead was sold by the husband's deed and thereafter greatly improved (Brusha

v. Bd. of Ed., supra), and where' one's property is being sold by another without his protest (Cities Serv. Oil Co. v. Boggs, supra). There is perhaps no right in property in Oklahoma more protected than the homestead. If one entitled to such a right may be estopped by silence, it would seem that there is no policy to be served by refusing to raise an estoppel in such a case as this.

We are particularly impressed by the reasoning in Strauss Bros. v. Denton, supra:

"We are of the opinion that the facts of this case meet every requirement of the law as to what it takes to constitute estoppel by silence. The appellee was called on to speak from the standpoint of his duty to the public, as well as from a view of his obligations to his fellow man. He knew a crime was being committed that should have caused him to let the truth be known. In addition, he knew his fellow man would suffer by commission of such crime. It was in the appellee's power and his power alone to stop the perpetration of the fraud in his name."

In the case before us the same situation prevailed. In addition, the perpetrator of the crime was the son of the guarantor. In the defendant's brief he speaks of a lack of diligence on the part of the plaintiff; this seems to us wholly untenable. The relation between the debtor and guarantor precluded any suspicion of the purpose of the guarantor in undertaking to guarantee the account; and there was very little reason to suppose that the signature was not genuine.

Nevertheless and without any suspicious circumstance, the plaintiff was diligent enough and discreet enough to notify the defendant that it had received the guaranty and proposed to extend credit in reliance thereon.

In our opinion, an imperative duty to speak thereupon rested upon the defendant, and. unless he did with reasonable expedition deny the signature, he would be estopped to deny it after the plaintiff had acted in reliance thereon to his likely injury. Therefore, the trial judge should have overruled the demurrer of the defendant to the plaintiff's evidence and should have required the defendant to go forward with his defense.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.

WELCH, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.